## KELLOGG ET AL. *v.* SUTHERLAND.

PLEADING.—*Answer.*—*Affidavit.*—An affidavit cannot serve the purpose of an answer in abatement or in bar.

EVIDENCE.—*Judgments.*—*Records.*—The records of courts cannot be proved by affidavit.

APPEAL from the Cass Common Pleas.

PETTIT, J.—Appellants sued the appellee for goods sold and delivered, and proceeded by attachment. The defendant, on being ruled to answer, filed his affidavit, stating that after the commencement of this suit the plaintiffs had, in the U. S. District Court at Indianapolis, prosecuted him to bankruptcy, and had proved their claim against him in that proceeding, and on the affidavit, moved the court to dismiss this cause. After the court had expressed the intention to sustain the motion, the plaintiffs resisted, and moved the court for leave to file counter affidavits; but this was refused, and the court dismissed the case and rendered judgment for costs against the plaintiffs. On the same day, the plaintiffs filed a written motion to reinstate the cause, and with it filed two affidavits directly contradicting the defendant's affidavit, but the court refused to reinstate the cause. Both of these rulings were erroneous.

The records of courts cannot be proved by affidavits; nor can an affidavit be made to take the place or serve the purpose of an answer in abatement or in bar.

The judgment is reversed, at the costs of the appellee, and for further proceedings.

*S. T. McConnell, M. Winfield,* and *W. C. Lamb,* for appellants.

*D. Turpie* and *D. P. Baldwin,* for appellee.