Koons v. The First National Bank of Jeffersonville *et al.*

---

No. 9727.

KOONS *v.* THE FIRST NATIONAL BANK OF JEFFERSONVILLE ET AL.

JUDGMENT.—*Finding.*—A finding of matters not in issue is not proper, and a judgment thereon adjudicating matters not in question is erroneous.

PLEDGE.—*National Bank Stock.*—*Certificate of.*—*Possession.*—The title to and ownership of stock in a national bank can only pass by a transfer of the stock on the books of the bank; hence the mere possession of a certificate of stock in a national bank is not such a possession as to constitute the holder a pledgee, but is at most a mere equity.

From the Clark Circuit Court.

M. C. Hester, for appellant.

C. L. Jewett, for appellees.

MORRIS, C.—The appellant, who was the plaintiff below, brought this suit against the First National Bank of Jeffersonville, Emanuel Hawley, Hiram Mayberry and David S. Koons. He alleges in his complaint that on the — day of ——, 1878, he was the owner of thirty-five shares of $100 each of the capital stock of said bank, of the·value of $3,500, and that said stock then stood in his name on the books of said bank; that, being liable to said bank at the time, as the surety of the said David S. Koons, upon a promissory note for a certain sum, and desiring to transfer to said bank, or to such person as it should designate, sixteen and two-thirds shares of said stock, to be credited as a payment upon said note, he proposed to the officers of said bank, to wit, the president, cashier, and the said Hawley, acting as teller and clerk of the bank, to make said transfer of said sixteen and two-thirds shares of said stock and no more, which proposition was accepted by the bank and its officers; that said Hawley, who was then acting as teller and clerk of said bank and as clerk of its cashier, and who had charge of the book of said bank, upon which transfers of stock were then made, and to be made, produced to the plaintiff the said transfer book, and that he then directed and caused the said Hawley to fill up a blank certificate and bill of sale, on said book, for the sale, assignment and transfer by the appellant to a blank assignee, with permission to said bank and its officers to insert in such blank such name as they might desire, of the sixteen and two-thirds shares of said stock and no more; that the appellant thereupon signed said certificate, bill of sale and instrument of transfer so filled up. It is alleged that after the execution of said certificate and transfer the said bank caused said blank therein to be filled with the name of said Emanuel Hawley, of which the appellant does not complain; but he avers that

after the execution of said instrument of transfer the said Hawley, who was still acting as the teller and clerk of said bank, and under the immediate · direction and control of its cashier and other officers, and who had, as such teller, charge of the transfer book of said bank, wrongfully and fraudulently, and without the knowledge or consent of the appellant, altered and changed said certificate, bill of sale and instrument of said transfer, by inserting therein the figures "18⅓," after and in addition to the figures "16⅔," and the words " thirty-five," so as to make the said instrument convey and transfer to said Hawley as well the said eighteen and one-third shares of said stock as the first mentioned sixteen and two-third shares thereof, in all the whole of the said thirty-five shares of said stock so owned by the appellant; that said bank and its officers had full knowledge at the time of the fraudulent alteration of said certificate and transfer of stock; that, after said fraudulent alteration of said certificate and transfer, the said Hawley assigned and transferred the said fraudulent and forged certificate and transfer of said thirty-five shares of stock to the appellee Hiram Mayberry, who now claims to be the owner of the same, and is and has been, before the commencement of this suit, recognized by said bank as such owner; that the bank refuses to cancel said false certificate and transfer of said stock to said Hawley, although requested to do so by appellant, and refuses to treat or recognize him as the owner of said eighteen and one-third shares of said stock, or any part thereof; that said false transfer casts a cloud upon his title to said eighteen and one-third shares of said stock, and prevents him from selling the same.    The prayer is that the appellant's title to said eighteen and one-third shares of stock be quieted, that said false certificate and transfer be corrected, and for general relief.

· The appellee Mayberry appeared and filed a separate demurrer to the complaint, as did also the bank and the said Hawley.

The court overruled the demurrers of Mayberry and the

bank, and sustained the demurrer of Hawley. The appellant declined to amend his complaint as to Hawley, and final judgment was rendered in his favor.

The appellee Mayberry answered the complaint by a general denial.

The First National Bank of Jeffersonville answered the complaint in two paragraphs, the first being the general denial.

The second paragraph states that on the 22d day of November, 1877, David S. Koons, the defendant below, was the owner of fifty shares of its capital stock, which fifty shares included the eighteen and one-third shares for which the appellant sues, and that, on that day, he deposited said stock with one Emanuel Hawley to protect him as surety on a note executed by said David S. Koons to this defendant, which note yet remains unpaid, in the sum of $4,700; that, on the 22d day of November, 1877, the plaintiff, David S. Koons, said Hawley and this defendant agreed that David S. Koons should sell to the plaintiff for cash said eighteen and one-third shares of stock for the sum of $1,833.33; which was, by the terms of said agreement, to be applied in payment of said note of said David S. Koons, secured by the said Hawley; that the plaintiff failed to pay said sum on said note, and that the said Hawley then required, and the plaintiff then did transfer said stock to said Hawley, that the same might be sold and applied on said note.

The plaintiff below replied in denial of said second paragraph of the answer of the bank.

The cause was by agreement of the parties submitted to the court for trial.

The court found generally for the appellant, but also found that at the time said eighteen and one-third shares of said stock were transferred to the appellant, Emanuel Hawley had possession of the certificate issued for said stock, and held the same in pledge to indemnify and save him from the payment of a note for $4,144, held by said bank, and executed by the

said David S. Koons as principal and the said Hawley as surety.

The appellant moved the court to correct its finding by striking therefrom so much thereof as found that said Hawley held the certificate for said stock in pledge for his indemnity and to save him from the payment of said note on which he was surety. The motion was overruled.

The appellant then moved for a new trial, which motion was overruled. Judgment was then rendered by the court to the effect that the appellant was the owner of said stock, subject to the rights of said Hawley, and that said bank should recognize him as such owner, subject to the rights of said Hawley as pledgee thereof, etc.

The appellant then moved the court to modify said judgment by striking therefrom so much thereof as related to the rights of said Hawley, on the ground that neither the facts found, upon which that part of the judgment rested, nor so much of said judgment as related to the rights of said Hawley, were within the issues in the case. This motion was also overruled.

The errors assigned question the rulings of the court upon the several motions made by the appellant. We think the court erred in overruling the appellant's motion to modify said judgment.

Hawley had demurred to the appellant's complaint, and his demurrer had been sustained and final judgment rendered in his favor. As to him the suit had terminated. He affirmed no right to the stock, and asked for no relief. His rights, if he had any, were not in issue; nor is there any thing in this record or proceeding to preclude him from asserting, at any time, any right he may have to, or any interest which he may have as pledgee or otherwise in, said stock. There was no issue in the case as between the appellant and Hawley; as between them there was nothing to try or determine.

Nor was the question put in issue by the bank. The ap-

pellant claimed to be the owner of the stock, and, though Hawley held the same by delivery to him of the certificate, to indemnify and save him from liability on said note as the surety of David S. Koons, still the appellant would be the owner of the stock, and he would have the right to be so recognized by the bank. The right to vote the stock would be in him, not in the party having possession of the certificate of the stock. The title to and ownership of the stock could only pass by a transfer of the stock upon the books of the bank. *Weyer* v. *Second Nat. Bank of Franklin,* 57 Ind. 198. Whether the appellant owned the stock or not was the only issue between him and the bank. If the stock was in any way encumbered, if Hawley had an equitable lien upon it, in which the bank, as the creditor whose debt was intended to be secured by such lien, had an interest, it should have alleged such right and asked for relief. This it did not do. Whether there was any lien upon the stock in favor of Hawley was not a question within the issues in the case. It may not be improper to state that, upon the facts found by the court, Hawley did not hold the stock as pledgee. It is essential to a pledge that the pledgee should have possession of the thing pledged. The possession of the certificate for the stock neither gave Hawley the possession of the stock nor the right to its possession. A transfer of the stock upon the books of the bank could alone do this. *Wilson* v. *Little,* 2 N. Y. 443; *Brewster* v. *Hartley,* 37 Cal. 15; *Weyer* v. *Second Nat. Bank of Franklin, supra.* He had, upon the facts found, at most but a mere equity in the stock. If it was held as a personal indemnity merely, the bank could have no interest in it. *Osborn* v. *Noble,* 46 Miss. 449; *Van Orden* v. *Durham,* 35 Cal. 136; *Homer* v. *Savings Bank,* 7 Conn. 478.

It is insisted by the appellee the Bank, that the transfer of the eighteen and one-third shares of stock upon its transfer book, though unauthorized and fraudulent, and so found and adjudged by the court, may, in case of further transfers

to innocent parties, involve it in additional trouble.   Should this be so, it would not justify the court in this case in finding and adjudging matters not within the issues.   If the bank may insist upon any equitable security which its principal debtor, David S. Koons, had given to Hawley as his surety for the debt, it may assert such right at any time.   The judgment in this case is binding upon the parties only as to matters in issue.   So, too, it may institute any proceedings which it may deem necessary to protect it against consequences arising from, or likely to grow out of, any improper or illegal use of any fraudulent transfers of its capital stock upon its books.

We think the court below should have modified the judgment as requested by the appellant.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be and it is hereby modified by striking therefrom so much thereof as adjudges that the appellant owns and holds said eighteen and one-third shares of said stock subject to the rights of said Emanuel Hawley as pledgee thereof or otherwise.   And the court below is ordered to strike from and out of said judgment these words, occurring therein immediately after the word "quieted": "Subject, however, to the rights of said Hawley as such pledgee as aforesaid." And these words: "It is further adjudged by the court that the said stock is held in pledge by said Emanuel Hawley as security for his endorsement on the note for $4,144, executed by D. S. Koons and E. Hawley; and that the said bank and all the officers thereof shall recognize the said transfer of said stock to the plaintiff by said David S. Koons, executed on the transfer books of said bank on the — day of ——, 1879, subject only to the right of said Hawley as such pledgee."

The appellees are adjudged to pay the costs herein.

HOWK, J., was absent.