Dubois v. Johnson.

Filed May 29, 1884.

---

No. 10,306.

DUBOIS v. JOHNSON.

DIVORCE.—*Custody of Children.*—*Statute Construed.*—*Res Adjudicata.*—Where a divorce is granted, it is the duty of the courts, R. S. 1881, section 1046, without regard to the issues or the wishes of the parties, to make provision for the custody of the minor children, and where a decree on that subject is entered subject to future modification, it is an adjudication upon all the facts then existing, whether actually in proof or not, touching the fitness of the parties to have such custody.

SAME.—*Modification of Decree.*—In such case a subsequent modification of the decree as to children can only be made for reasons occurring after the original decree.

SAME.—*Evidence.*—In such case, where a divorced husband applies to modify the decree which gave custody of a child to the wife, upon the ground that at the time of the application she was living in open and notorious fornication with one D., proof of her adultery, or other indecent acts, with D. before the divorce is inadmissible, even as tending to illustrate facts occurring afterwards.

SAME.—In such case evidence of the good character of D. is admissible.

From the Superior Court of Marion County.

*F. Winter* and *W. W. Herod,* for appellant.

*G. K. Perrin, R. N. Lamb, S. M. Shepard* and *A. L. Mason,* for appellee.

ZOLLARS, J.—On the sixth day of October, 1880, appellee was divorced from appellant. She has since intermarried with George W. Dubois.

The allegations of the complaint upon which the divorce was granted were, that appellant was high tempered, used coarse and abusive language toward appellee, neglected to prepare

his meals, and finally abandoned him. The complaint showed that the parties had two children, one a boy fifteen years old, and the other a girl nine years old. There were no averments of the fitness or unfitness of either party to have the custody and care of the children, nor was there any special prayer as to such custody. The prayer of the complaint was for a divorce, and for all other proper relief. Following that part of the decree granting a divorce to appellee is the following: "It is further ordered, pursuant to agreement of the parties in open court, that, until the further order of this court herein, the said plaintiff shall have the care and custody of the minor child, William Artemas Johnson, to be supported at his own expense, and that the defendant shall have the care and custody of the minor child, Orra Ann Johnson, to be supported at her own expense, except when with the plaintiff as hereinafter provided: *Provided,* however, that the custody of Orra Ann Johnson shall be had by the plaintiff, if he so desires, during the summer months of each year; at all other times to be had by the said defendant." It was further provided that each party should have the right to visit the child in the custody of the other.

Under this order and decree, the little girl remained with the mother until June, 1881, when she was sent to spend the summer months with her father. Instead of returning her to the mother at the end of the summer months, appellant, in August, 1881, filed his complaint in room No. 1 of the superior court, in which the divorce was granted, asking that the order and decree should be so modified as to give him the exclusive custody of the child. The complaint charged appellant as being unfit to have the care and custody of the child; that before the divorce she had been guilty of adultery with Dubois and others, and had been guilty of other lewd and indecent conduct; that since the divorce she had lived with Dubois in open and notorious fornication, etc. If appellant was guilty of the various things charged against her, there can be no question about her unfitness to have the care

of the little girl. It was averred that, while appellee had been suspicious of appellant's conduct before the divorce, he did not know of it, although he had made efforts to inform himself. It is proper to observe, however, that he is shown to have known, at the time of the trial, of most of the evidence he now seeks to make available.

At the time this complaint was filed, and at the time the case was heard below, appellant had not remarried. The evidence shows, however, that at that time, and for some months prior thereto, there was a marriage engagement between her and Dubois.

Upon a hearing at special term, the court refused to modify the order as asked, but left it as originally made. After a motion for a new trial was overruled, appellee appealed to the general term, where the judgment was reversed and a new trial ordered.

From this judgment at general term appellant prosecutes this appeal. The judgment was reversed upon the ground, principally, that the court at special term erred in excluding testimony of acts of adultery, and other acts of misconduct on the part of appellant previous to the divorce. It was held that these acts should have gone in evidence as explanatory and corroborative of the evidence as to her conduct since the divorce was granted.

We think that under the statute providing for appeals to this court from judgments of the superior court at general term, the several grounds urged in that court for a reversal of the judgment are before us for decision, so far as they are discussed in this court. The controlling question is, did appellee have the right, upon the hearing of this case, to prove acts of adultery, and other acts of misconduct on the part of appellant prior to the decree of divorce, and the order and decree in relation to the custody of the children? The arguments of the respective counsel upon this point are elaborate and able. It would extend this opinion to an undue length to go into an examination of the many cases cited by

counsel; from the view we take of the case it would not be profitable to do so.

As we have said, the complaint in the case for divorce did not attack the character of appellant for chastity or morality. No question was there made by any kind of averment as to her fitness to have the care and custody of the little girl.

It is argued, therefore, by counsel for appellee, that nothing was, or could have been, adjudicated in that case as to her fitness or qualification, and that, therefore, he had the right upon the hearing of this case to show her unfitness by proof of her misconduct both prior and subsequent to the divorce.

We are of the opinion that the question of the fitness or unfitness of the parties to have the care and custody of the children was just as fully before the court as if specific averments and charges upon that question had been made in the pleadings.

In cases of divorce, which result in the breaking up of the home, the law commits to the care of the court, in a measure, the safety and welfare of the children.

The statute is as follows: "The court in decreeing a divorce shall make provision for the guardianship, custody, support, and education of the minor children of such marriage." Section 1046, R. S. 1881. *Logan* v. *Logan*, 90 Ind. 107; *Bush* v. *Bush*, 37 Ind. 164; *Musselman* v. *Musselman*, 44 Ind. 106.

This duty is imposed independent of the wishes of the parents, and independent of any issues they may make in the pleadings, as to their fitness or unfitness for such custody.

In such cases, the court has the right, if necessary, to commit the children to the custody of either party, to the exclusion of the other, or to commit them to the custody of strangers. The court not only has the right, but owes the duty, to inform itself as to the character of the parents, and their ability to properly care for, nurture and train the children. And this right and duty it has, and owes, whatever the issues made by the pleadings may be, or whether or not any issues at all upon the subject are made by such pleading.

Whatever, therefore, is competent evidence to enlighten the judgment of the court as to the fitness and qualification of the parties for the care and custody of the children, the court may and should hear in decreeing a divorce.

In determining, therefore, what was before the court upon the subject, in the divorce proceedings, we are not to look alone to the issues made by the pleading, but also to the statute which fixes the duty and power of the court.

Had the court heard evidence and made the order and decree in relation to the custody of the children, as an unconditional and final decree, it must be clear that, as between the parties, it would have been a final adjudication upon the subject of their fitness or unfitness for such custody at that time. Such an adjudication would doubtless, also, have been conclusive upon the court. Of course, the welfare of the children is the prime consideration, and should be so regarded in the hearing of the case, and the making of the decree. But when the case has been heard, and a final decree entered, the doctrine of *res adjudicata* applies as in any other case. There must be an end to such litigation. If, in this case, appellee has the right to go into the conduct of the appellant prior to the decree awarding the custody of the child, he may do so in any number of subsequent proceedings for a modification of that decree, and thus the court may be called upon to re-try the issues already settled.

It is important to the child that there shall be an end to such litigation. No good can come to it from re-exposures of the faults of its parents. When the fitness of its custodian is once settled, that settlement should be regarded as final up to that time. If, in fact, such custodian is an unfit person, that unfitness will most likely be made manifest by subsequent conduct. In such case the court may change the custody of the child.

In making the order, however, no evidence seems to have been heard by the court, but the order was made upon the agreement of the parties. Whether the court should have

Dubois *v.* Johnson.

acted upon the agreement, we need not here inquire. It did so act, and our opinion is that, by such agreement, each party conceded and agreed to the fitness of the other, at that time, to have the care and custody of the child as ordered by the court; that by such agreement each is as much bound as if the order and decree had been made upon testimony heard by the court, and that the order and decree based upon the agreement was an adjudication upon the question of appellant's fitness at that time to have the custody of the little girl. For the purpose of the order and decree, the agreement took the place of testimony.

We need not decide what might have been the power of the court to modify or make further orders in relation to the children, had that made been unconditional. It was not such. The court reserved to itself the right to make further orders in the premises. The question is not free from difficulty, but our opinion is that in making such modification or further order the action of the court must be based upon the conduct or changed circumstances of the parties subsequent to the order made in the divorce case. At that time, as we have said, the question of appellant's fitness for the custody of the child was before the court and was adjudicated. In this case the question of her fitness at the time the complaint was filed, and the case was heard, was before the court for judicial determination. What was adjudicated in the former action can not be gone into in this.

Had the court been made aware of the acts of adultery, and the other lewd and indecent acts on the part of appellant, which appellee now charges and proposes to prove, it can not be reasonably supposed that the court would have left the child in her custody. The agreement of appellee, upon which the court based its order, amounted to evidence that she was not so guilty. The order of the court, therefore, based upon that agreement, amounted to an adjudication that she was not so guilty, and that she was a suitable person to have the custody of the child.

There are cases in some of the other States in which it has been held that, upon a charge of adultery at a certain time, proof of such acts at other times is competent as tending to show the nature of the intercourse of the parties at the time charged, but none of them, that we now recollect, extends the rule in its application back of an adjudication.   We have no case in this State deciding the exact point under discussion as here presented, but we have cases which we think virtually settle the principle involved.   We think, too, that our views in this case are supported by the decided weight of the authorities.   In the case of *Williams* v. *Williams*, 13 Ind. 523, it was held that a decree in a divorce case assigning the custody of children is final and conclusive, and can not be disregarded in a subsequent proceeding by *habeas corpus* to obtain possession of such children.   HANNA, J., speaking for the court, said :   "Under the statute, the care and custody of the children of the marriage was a proper question for the court, in decreeing a divorce, to pass upon ; and having so done, that adjudication can not be collaterally inquired into, it is manifest, as to matters preceding it, and which were directly involved and settled. * * * It is suggested, that the application, for the custody of the child, should have been made in the court which granted the divorce, and as a part, or continuation of that proceeding.   Without doubt, it would have been eminently proper for the application to have been so made ; that all matters, which have since arisen, might have been heard and determined."   The substance of this is that courts may modify the decree awarding the custody of children in divorce cases, but such modification must be upon matters which have arisen *subsequent* to the decree.   This commends itself to our judgment as the reasonable rule.

In the case of *Baily* v. *Schrader*, 34 Ind. 260, an application was made for the modification of the decree in a divorce case awarding the custody of the children.   The decree was for the custody of the children until the further order of the court.   The application for a modification of the decree was

based upon matters which arose subsequent to the decree. It was held that as the decree was made the court had power to modify it, but nothing was presented, and nothing was decided, as to the right of the court to hear evidence as to the fitness of the parties at and before the decree was rendered.

In the case of *Sullivan* v. *Learned,* 49 Ind. 252, it was decided, with a dissenting opinion, that unless the power to modify the decree in a divorce case, as to the custody of the children, is reserved in the decree, no such power exists. The dissenting opinion is based upon the ground that without such reservation the courts possess the power to change the order and decree when based upon matters arising subsequent to the decree.

In the case of *Lewis* v. *Lewis,* 106 Mass. 309, it was held that the dismissal of a libel for a divorce, for the cause of adultery, on the ground that the adultery was not proved, is conclusive evidence, in subsequent proceedings for divorce between the parties, that the alleged act was not committed.

There is, or was, a statute in Michigan which provided that, after a decree for alimony, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, and the payment thereof, etc.

This statute clearly reserved to the court as much power to modify such decree as was reserved by the order in this case. The subject-matter is not the same, it is true, but the statute and order are so analogous that an adjudication upon one is authority upon the proper construction of the other. It was held by the Supreme Court of that State that, under the statute, such modification can be made only on new facts transpiring subsequent to the decree. The court said : " The section must be construed to mean one of two things. It may be construed as empowering the court to change the decree for alimony, from time to time, on facts existing when the decree is granted, or on new facts thereafter transpiring ; or as only authorizing a change on the latter when they are of such

a character as to make it necessary to suit the new state of facts. The last we think is the true construction. * * * * We are led to believe that the statute was intended to provide for such new circumstances, and that that was all the Legislature had in view in enacting it; that it was not designed to affect the right of appeal, or to give to the court granting alimony power to review and to reverse or modify its own decree. Such a power would be unprecedented, and out of the ordinary course of judicial proceedings." *Perkins* v. *Perkins*, 12 Mich. 456. This case was followed in the case of *Chandler* v. *Chandler*, 24 Mich. 176. In this case a petition was filed for a modification of the decree awarding the custody of a child to the mother, and a weekly payment by the father for its support and education. It was held that as no new facts, or change of circumstances upon which to found an alteration of the decree, were set forth, no such alteration should be made.

Under a statute similar to that in Michigan, the Supreme Court of Iowa, in the case of *Blythe* v. *Blythe*, 25 Iowa, 266, said: "Although the court granting a divorce has, by force of our statute, power to make changes in the decree in respect to property and children, yet this power certainly ought not to be exercised, only upon such change of circumstances as demand the change in the decree. That is to say, the original decree is conclusive upon the parties as to their then circumstances; and the power to make changes in the decree is not a power to grant a new trial or re-try the same case, but only to adapt the decree to the new or changed circumstances of the parties." To the same effect, see *Wilde* v. *Wilde*, 36 Iowa, 319; *Buckminster* v. *Buckminster*, 38 Vt. 248; 2 Bishop Mar. & Div., section 429, and cases cited; *People* v. *Mercein*, 3 Hill, 399; *Mercein* v. *People*, 25 Wend. 64.

In this case it was held that an adjudication on the question of the custody of an infant child, brought upon *habeas corpus*, may be pleaded as *res adjudicata*, and is conclusive upon the same parties in all future controversies relating to

the same matter, and upon the same state of facts, and that upon a subsequent hearing on *habeas corpus*, evidence should not be heard which goes back of the previous adjudication.

Without further extending the opinion upon this question, we hold that the court, at special term, correctly excluded the testimony as to the conduct of appellant prior to the decree, awarding the custody of the child to her, and that the court, at general term, erred in holding otherwise, and in reversing the judgment.

At special term, the court, over the objection of appellee, admitted testimony as to the good character of George W. Dubois. We think this was not error. For some months prior to the hearing of the case, as we have elsewhere stated, there was a marriage contract existing between him and appellant. Upon the consummation of that marriage, the child, when in the custody and family of appellant, would necessarily be an associate with Dubois. His character and habits would necessarily have an influence upon her. It was proper and necessary, therefore, that the court should know what that influence might be. If it would be vicious and degrading, that would be a very good and sufficient reason for changing her custody from appellant. This position is fully sustained by the case of *Darnall* v. *Mullikin*, 8 Ind. 152.

It is further insisted that the finding and judgment of the court, at special term, are not sustained by sufficient evidence. The argument is that the evidence as to appellant's conduct and character shows that she was not a proper person to have the care and custody of the child. We have carefully examined the evidence, as well as the arguments of counsel thereon. There is a conflict in the evidence. The trial court had the witnesses before it, and hence had a much better opportunity to judge of their credibility than we have. We can not, therefore, say that that court erred upon the evidence. The question of the custody of the child was very much in the discretion of the court below. We are not prepared to say that there was any abuse of that discretion.

Upon the whole case as presented in this court, we discover no sufficient reason for a reversal of the judgment of the court at special term.

The judgment of the court below, at general term, is, therefore, reversed, with costs.

