Cottrell *et al. v.* Nixon.

---

No. 12,877.

COTTRELL ET AL. *v.* NIXON.

SPECIAL FINDING.—*Failure to Find Facts.— Venire de Novo.—*Where a special finding is so indefinite, by reason of an omission to find the facts, that it is incapable of supporting any conclusions of law, or of forming the basis of any judgment on the issues involved, a *venire de novo* should be granted.

From the Henry Circuit Court.

Cottrell *et al. v.* Nixon.

*D. W. Kinsey, D. W. Chambers* and *J. S. Hedges,* for appellants.

*J. Brown, W. A. Brown* and *W. O. Barnard,* for appellee.

MITCHELL, J.—This case was tried upon a complaint consisting of two paragraphs. The first is a common count to recover the balance due for a printing press, with certain fixtures and attachments, alleged to have been sold and delivered by the plaintiffs to the defendant, at his especial instance and request.

The second alleges, that in consideration that the plaintiffs, at the request of the defendant, agreed to sell and deliver the property therein mentioned to E. Pleas & Co., within thirty days from the 10th day of October, 1882, the defendant agreed to be responsible, and pay the price agreed upon for such property.

Afterwards, it is alleged, the time for delivering the property was extended with the knowledge and consent of the defendant, and on the faith of such promise and guaranty, which, together with the contract of sale, is alleged to have been in writing,—copies of the writings being set out,—it is alleged the goods were delivered to E. Pleas & Co., due notice to the defendant of the delivery having been given.

Upon issues made by a denial, the case was tried by the court. At the request of the plaintiffs, the court made a special finding of the facts, and stated conclusions of law thereon.

As the only question for decision arises on the special finding, we set it out in full, as follows:

" The plaintiffs in said cause having requested me to make a special finding of the facts, with a view to their excepting to the conclusions of law, I find as follows: That on September 26th, 1882, the plaintiffs wrote to E. Pleas & Co. the following letter:

" 'E. PLEAS & CO., NEW CASTLE, IND.
" 'To R. M. Nixon for above firm:

" ' We will furnish you with one of our two-roller drum job and newspaper presses, No. 6 (page 13), 32x50, with sheet delivery, without tapes, steam fixtures, roller moulds, extra roller sticks, blankets and wrenches, boxed and delivered to L. O. B. cars at Westerly, for $1,400. Terms, $300 cash, $300 monthly in three notes, the last note $200, with interest, and with your endorsement.

" ' Yours truly,        C. B. Cottrell & Sons.
" ' Dickinson.'

" That, on October 24th, 1882, the defendant wrote to the plaintiffs the following letter:

" ' New Castle, Ind., 10, 24, 1882.
" ' *Messrs. C. B. Cottrell & Co., New York:*

" ' Gentlemen—Will accept your offer of Sept. 26th for the printing press in question, if shipped in thirty days from this date. Terms as per your letter of 26th ult.

" ' Yours, etc.,        R. M. Nixon.

" ' Ship and bill to E. Pleas & Co., New Castle, Ind. Bill through.                                              (over)

" ' I will be responsible for the payment, and will see that it is paid for as agreed upon.        R. M. Nixon.

" ' Refer to McKeeson & Robbins, 91 Fulton St., N. Y.'

" I further find that the plaintiffs shipped to said E. Pleas & Co. the press, and all the property named in said letter above set out, on February 21st, 1883, and that the same was received by E. Pleas & Co., at New Castle, Indiana, on March 15th, 1883; that there yet remains unpaid of the purchase-money for said property the sum of $400, with the interest thereon from February 21st, 1883, to wit, $448.76.

" I conclude as a matter of law:

" 1st. That the letters aforesaid constituted a contract of sale from plaintiffs to E. Pleas & Co., of the property named therein.

" 2d. That the defendant occupied with reference to said contract the place of a guarantor.

" 3d. That the property not having been delivered within

Cottrell *et al. v.* Nixon.

the time specified in the agreement, he is not liable on his guaranty.

" 4th. That the law is with the defendant. I therefore find for the defendant."

The plaintiffs excepted to the conclusions of law. They also moved the court to make its findings more certain, and for a *venire de novo,* on the ground that the special finding of facts was too vague and indefinite. These motions were overruled, and judgment was given against the plaintiffs.

The issues tendered by the first paragraph of the complaint required the court to find as a fact whether or not there had been a sale and delivery of the property described to the defendant, and what amount was to be paid, and whether or not anything remained due. The issues tendered by the second paragraph required a finding whether or not the property described had been sold and delivered to E. Pleas & Co., and whether or not, in consideration of such sale and delivery, the defendant had agreed in writing to become responsible for the payment of the purchase-price. Other issuable facts were presented which should have been found specially.

The special finding above set out makes no response whatever to any of the issues presented, except that it finds that the plaintiffs, on a given date, shipped the property mentioned in a certain letter, to E. Pleas & Co., and that the property so shipped was received by the consignee, and that there remains due the plaintiffs $448.76 from some person not named.

Instead of finding facts, the special finding simply sets out certain letters, which, it says, were written by the parties respectively. The letters thus written, if transmitted to, and received by, the parties to whom they purport to have been written, may have been competent evidence, to prove the fact of a sale and guaranty. But the distinction between finding the evidence and the facts which the evidence may prove, or tend to prove, can not be disregarded. *Kealing* v. *Vansickle,*

74 Ind. 529 (39 Am. R. 101); *Hessong* v. *Pressley,* 86 Ind.. 555; *Shannon* v. *Hay,* 106 Ind. 589.

Whether the plaintiffs sold and delivered a printing press to the defendant, or to E. Pleas & Co., and whether the sale was evidenced by a written contract, were facts which should have been found one way or the other by the court. If it had found that a sale was made, and that the contract of sale was in writing, the contract might with propriety have been made part of the finding by reference to the copy filed with the complaint.

So, also, it was a fact to be found by the court, whether or not the defendant had delivered to the plaintiffs a written promise to pay for the property sold to E. Pleas & Co., if any was sold to them. If it had been found that such a contract had been made and delivered to the plaintiffs, and that in consideration thereof the goods had been delivered, the contract might have been made a part of the finding by reference, or by setting it out in the finding.

In respect to all the material facts in issue, the special finding wholly fails to make any response, except to set out some inconclusive evidence, which may, or may not, have proved the facts in question.

The case is not one for the application of the rule which governs where a special finding is silent in respect to some one or more of the material facts in issue, while other material facts are found upon which conclusions of law are stated.

In such a case, it will be presumed that the issuable facts, upon which the verdict is silent, were not proved. The party having the burden of that issue will be deemed to have failed in respect to the facts upon which the special finding fails to speak.

In the case before us, the finding is rendered so indefinite and uncertain by its omission to find any of the facts, and by injecting into it certain items of evidence instead of ultimate facts, that it is incapable of supporting any conclusions of

law, or of forming the basis of any judgment on the issues involved in the case.

We are unable to determine upon the facts found, whether the conclusions of law stated by the court were correct or not. Accordingly, we express no opinion in respect to the propriety of the conclusions of law.

For the error of the court in overruling the appellants' motion for a *venire de novo* the judgment is reversed, with costs.

Filed Feb. 3, 1887.