## HART *v.* HART.

[No. 13,339.   Filed November 1, 1929.]

*Chauncey W. Duncan* and *Owen S. Boling,* for appellant.

*John H. Kiplinger,* for appellee.

McMahan, C. J.—Appellant filed his complaint against appellee for divorce.  Appellee filed a cross-complaint, divorce was granted appellant on his complaint, and there was a judgment against appellee on her cross-complaint.   In the final decree, the court gave appellee a judgment for alimony in the sum of $2,350, and $150 "as and for a fee for defendant's attorney."

Appellant, on appeal, contends the amount of the judgment for alimony is too large, and that the court

had no authority to render a judgment against him for attorney fees.

In so far as the allowance of the $2,350 as alimony is concerned, the amount is not so great as to justify us in holding as a matter of law that the court committed reversible error in such allowance.

Section 1109 Burns 1926, §1042 R. S. 1881, after providing for interlocutory orders for the disposition of persons, property, children, and relative to such expenses of the suit as will insure the wife an efficient preparation of her case and a fair and impartial trial, provides that "on decreeing a divorce in *favor of the wife* or *refusing* one on *application of the husband,* the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition when such divorce has been granted or refused." (Our italics.) In the instant case, the court did not decree a divorce in favor of the wife, nor did it refuse one on the application of the husband. It is clear that, under this section, the court had no authority to make an allowance for attorney fees in addition to the decree for alimony. When a decree of divorce is granted the husband on his application, no allowance can be made in the final order for attorney fees. The court, however, in granting a divorce to the husband, shall make such a decree for alimony as the circumstances of the case shall render just and proper. §1110 Burns 1926, §1045 R. S. 1881. The court erred in making an allowance as and for attorney fees. *Fites* v. *Fites* (1916), 62 Ind. App. 396, 112 N. E. 39.

If appellee will, within 30 days, file with the clerk of this court a remittitur of the $150 attorney fees, as of the date of the finding of the court, the judgment will be affirmed, otherwise it will be reversed.

Affirmed conditionally.