## LUCAS v. LUCAS

[No. 17,834. Filed May 24, 1949.
Transfer denied October 5, 1949.]

*Campbell & Campbell,* of Noblesville, for appellant.

*Bachelder, Bachelder & Fife;* and *Eugene M. Fife, Jr.,* all of Indianapolis; and *Christian & Waltz,* of Noblesville, for appellee.

BOWEN, C. J.—This is an appeal from a judgment in an action for divorce instituted by the appellee against the appellant. The issues presented by appellant in this appeal question the action of the trial court in awarding the care and custody of the minor child of the parties to the appellee.

The issues were formed by appellee's complaint for divorce on the ground of cruel and inhuman treatment

and appellant's amended cross complaint charging that the appellee had been guilty of adultery, and that the appellee was guilty of cruel and inhuman treatment as follows: That all during the time since December 28, 1941, the date when these parties were married, the cross-defendant has refused to center her affection upon cross-complainant and in many instances has chosen to and has associated herself with men other than this cross-complainant in social and intimate relations; the instances above referred to have occurred at West Lafayette, Indiana; Kokomo, Indiana; and Indianapolis, Indiana, and have occurred prior to and following the birth of their child, Stephen Lucas, as well as after the birth of said child, prior to the entry of said appellant into the United States Army, during the time of his service with the Army and after his discharge from the Army; that since the birth of the child of the parties, the appellee herein has totally neglected said child in many instances and has refused to care for said child; that said appellee herein is not a satisfactory and proper person not only to have the care and custody of said child but is not a satisfactory and proper person to even associate with said child, all to the injury of appellant herein; that in various and other instances this appellee is guilty of cruel and inhuman treatment of appellant; that appellee herein is not a satisfactory and proper person to have the care and custody of said child and that said appellee does not have a proper home in which said child may live, and that appellant is a satisfactory and proper person to have the care and custody of said child and can furnish a desirable home for said child. The prayer of the amended cross complaint asked for an absolute divorce and that appellant be granted care and custody of the minor child, Stephen Lucas.

The court found for the appellant on his amended cross complaint for divorce and against the appellee on her complaint for divorce and granted appellant an absolute divorce. The court further found that the care and custody of the minor child of said parties should be awarded to the appellee, with the provision that the appellant should have the custody of the child for limited periods of time.

Errors assigned for reversal by appellant are that the court abused its discretion in awarding the minor child of the parties to the appellee, and that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The appellee has assigned cross-errors on the action of the trial court in refusing to make an order for appellee's attorneys' fees and in failing to apportion the costs between the parties.

Considering the evidence most favorable to appellee, which we must do in passing upon appellant's assignment of error, it shows that the appellee, Adelaide Lucas, was a resident of Indianapolis, Indiana, and was employed as a bacteriologist at the State Board of Health at Indianapolis, Indiana, and that the minor child of said parties who was five and one-half years of age was living with her at the time of the trial; that the mother and child lived in a home with the maternal grandmother in Woodruff Place, Indianapolis, Indiana. The appellee is employed days, and during the time she works, the minor child is taken to the Indianapolis Day Nursery. One Ethel Gatewood, a witness in whose home the appellee had resided, testified as follows: That she observed appellee's treatment of the child and his reaction, that appellee "has the mother's love, keeps him clean, puts him in kindergarten as she goes to work and picks him up and feeds him, and that she is fit and

capable to have his custody." Mrs. Gordon H. Graves, another witness who had had training in clinical psychology with emphasis on training in child care and had training at Columbia University and Purdue University and who has had experience in the treatment and care of children at Riley Hospital in Indianapolis, and was a graduate assistant of psychology at Purdue University and the mother of three children testified that she was acquainted with appellee and the minor child and that she had observed the appellee's treatment of her son and had lived at a time at Mrs. Gatewood's. She stated as her opinion that the appellee was kind, capable, and unusually warm and friendly to her child; that she had observed different catagories in which parents fall and she "would place Mrs. Lucas away at the top—her whole fundamental attitude is so good." Another witness who was an associate professor of psychology at Purdue University and President of the Indiana Association of Clinical and Applied Psychology, and on the Board of Governors of the Indiana Association of Nursery Education testified that she had been consulted by Mrs. Lucas in connection with the care of her child over a period of time beginning in 1943. She testified that she had known Mrs. Lucas during the time she was a student at Purdue University and that she would place her in the top tenth of mothers because of real devotion to the child and special aptitude for caring for children. Appellee's mother and father both testified on behalf of appellee that she was a good mother and was a fit and proper person to have the custody of the child. All of the witnesses mentioned heretofore testified that the appellant would not be a fit and proper person to have the care and custody of the minor child.

The appellant represented that he desired to have the custody of the child and keep the child in the home

of his parents at Kokomo, Indiana. One of appellee's witnesses testified that appellant's parents were not fit and proper persons to have the care and custody of the minor child, especially because of the nature and language of appellant's father.

The appellant and appellee were married December 21, 1941, and lived for a time with appellee's parents at Kokomo, Indiana. Appellee testified that when she became pregnant that appellant became angry and forced her to take exercises in an attempt to produce an abortion, and also hit her in the stomach. Appellant did not controvert this testimony.

The appellant entered the Army in February, 1943, and was discharged from the Army December 5, 1944. The appellee, during the time appellant was in the Army, was a student at Purdue University. She stated that appellant was despondent in his letters to her, and that she wanted to better prepare herself to take care of herself and the child. She had already had two years of college. During the time she was at Purdue, she placed the child, Stephen Lucas, in the home of some people by the name of Gerrard at Kokomo, Indiana, and visited him every other week-end. The appellee left Purdue in February, 1945, and after his discharge from the Army, the appellant went to Ann Arbor, Michigan, to take a refresher law course. The appellant, appellee, and the child were in Ann Arbor, Michigan, together in August of 1945. During the time they were at Ann Arbor, the appellant on one occasion told the child and had the child repeat that appellee wasn't his mommy and for him not to mind her. There was evidence of several witnesses that appellant possessed a violent temper and was erratic.

The appellee brought the child to Indianapolis December 5, 1946, and the divorce complaint was filed in

December of 1946, alleging a separation on December 10, 1945. The date of the trial was June 12, 1948.

From an examination of the record it seems that there is ample and sufficient substantial evidence to sustain the decision of the trial court in awarding the custody of the minor child to appellee.

The appellant further contends that by reason of certain acts of misconduct on the part of the appellee that the court abused its discretion in awarding the custody of the child to the mother, and that as a matter of law, because of certain alleged evidence of misconduct of the mother she was not entitled to the custody of the minor child.

There was evidence by one G. T. Link to the effect that he was a partner in adultery committed by appellee. There was evidence that appellee lived in a cooperative house while she was a student at Purdue and that at this time she went on parties in the company of other students and associated herself with other men. Two of appellee's classmates testified that she went on parties with other men where whiskey and cokes were consumed, and the couples were together on blankets. The appellee insisted that all her contacts and associations with other men were platonic.

In considering the propriety of the action of the trial court in awarding the custody of the child to the appellee, we must recognize the rule of law announced by this court in *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N. E. 2d 317, and quoted with approval by our Supreme Court in *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606, that "the welfare of the child is paramount to the claims of either parent, and its care and custody should be awarded with regard to the best interests of the child. The trial judge is in a position to see the parties, to

observe their conduct and demeanor, and to hear them testify, and his decision ought not to be reversed unless an abuse of discretion has been shown." Our Supreme Court also stated in the Watkins case, *supra*, that the "great weight of authority is to the effect that the guilt or innocence of the parents is not necessarily a controlling factor and that custody may, in the sound discretion of the trial court be awarded to the one against whom divorce was decreed," citing 27 C. J. S., Divorce, § 309.

In *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. 2d 546, the Supreme Court uses the following language in disapproving of the case of *Eward* v. *Eward* (1920), 72 Ind. App. 638, 125 N. E. 468, "We cannot approve the reason and conclusion reached in this case. It does not necessarily follow because the court found that appellant was a fit and proper person to have the custody of her child that this was a finding by 'clear implication' she was not guilty of adultery. Notwithstanding that appellant may have been guilty of adultery, yet the court in its discretion may have thought that under all of the circumstances and conditions, the mother was a fit and proper person to have the custody of her child. . . ."

In the instant case the alleged misconduct consisting of associations by appellee as a married woman on parties and meetings with other men at Purdue University and other places occurred some time prior to the trial of this cause in 1948. While serious question might be raised as to the propriety of the conduct of appellee as a married woman associating in the manner as described, such conduct was not contemporaneous with appellee's circumstances, conduct, and situation at the time of the trial.

It is true that the record discloses that appellee in the instant case may have made some mistakes in the manner of her associations while a student at Purdue and shortly thereafter, and by reason of such misconduct the appellant urges she should be barred as a matter of law from having the custody of her minor child. In his presentation to this court, the appellant has cited Hammurabi's code of laws and other ancient codes in an attempt to show the historical policy of the law with particular reference to the severity of punishment for the misconduct of womankind.

Such an unforgiving, unrelenting attitude toward past misconduct in dealing with human relations as in the case before us would tend to destroy the incentives for repentance, forgiveness and reformation. Courts, in dealing with family relationships, should take particular care to see that justice is tempered with mercy and that encouragement for the reformation and improvement of the individuals concerned should be the constant goal. The court below found and determined on sufficient evidence that at the time of the trial Adelaide Lucas was a fit and proper person to have the care and custody of her minor child.

Considering the evidence in the instant case we hold that the court below did not abuse its discretion in awarding the custody of Stephen Lucas to the appellee, Adelaide Lucas, and the decision of the court below is sustained by sufficient evidence and is not contrary to law.

The appellee has filed an assignment of cross errors on the ground that the court erred in failing to include in its judgment decree an order against appellant requiring appellant to pay to appellee a sum of money for attorneys' fees in the preparation and trial of the cause; that the court erred in awarding appellant a judgment

for all costs and for failing to apportion the costs, and in overruling appellee's amended motion to modify its judgment decree to include an order against appellant to pay appellee's attorneys' fees and in overruling such motion to modify. in order to tax the costs against appellant.

The appellant contends that such assignment of cross errors was not timely filed. It appears that such cross errors were filed within the time granted by this court on a timely filed petition for an extension of time.

The appellant also contends that the error, if any, in denying the petition for allowance of attorneys' fees must be reached through a motion for a new trial. A court's ruling on attorneys' fees is not a cause for new trial, but is a subject of an independent assignment of error on appeal. *Stewart* v. *Stewart* (1901), 28 Ind. App. 378, 62 N. E. 1023.

The appellant also contends that any question with reference to the action of the lower court in overruling the motion to modify the judgment has been waived by appellee failing to set out said motion or the substance thereof in her brief. The appellee's brief on cross error sets out the substance of the amended motion to modify the judgment and the trial court's action thereof sufficiently to constitute a good faith compliance with the rules and for our determination of the issues raised by appellee's assignment of cross errors. *Rimco Realty Investment Co.* v. *La Vigne* (1943), 114 Ind. App. 211, 58 N. E. 2d 938.

The court by agreement of the parties ordered the appellant to pay to appellee the sum of $50 as a partial allowance for attorneys' fees *pendente lite*. Upon the trial of said cause, counsel for appellant and appellee appeared in open court and the appellee's counsel offered to produce evidence of the reasonable

value of the services furnished by appellee's attorneys in her behalf in the preparation and trial of said cause, and the court asked counsel if they could agree on the value of such services. Following this counsel for appellant and appellee appeared in open court and orally stipulated that the fair value of such services furnished the appellee by her counsel was $500, and that such fact was the evidence before the court upon which the court could enter any order for appellee to pay a sum for her attorneys' fees if she, the appellee, *were entitled* to such an order. The court thereafter failed to make any further order of allowance of fees for appellee's counsel. The statute gives the court a discretionary power to make an allowance to a wife of suit money and attorneys' fees *pendente lite*. In the case of *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806, this court upheld the action of the trial court in providing an additional allowance in the final decree where the court had theretofore made a partial allowance *pendente lite,* distinguishing such case from the decision in *Hart* v. *Hart* (1929), 90 Ind. App. 220, 168 N. E. 492, which flatly holds when a decree of divorce is granted the husband on his application no allowance can be made in the final order for attorneys' fees to the wife.

However, in the case at bar, the court by its failure to make an allowance of attorneys' fees has in its discretion judicially determined that appellee was not entitled to an order for counsel fees. The stipulation entered into by the parties in open court only extended to the issue of the amount of reasonable fees, if the court determined that the appellee was entitled to such fees. The appellee in its brief on its assignment of cross errors has not shown facts from which we could hold that the court abused

its discretion in refusing to allow additional attorneys' fees for appellee's counsel. Appellee's assignment of cross errors Nos. 2, 3, and 5 question the action of the trial court in awarding appellant a judgment for all the costs incurred in this action. There was presented to the court on the trial of this cause the issues as to the granting of a divorce to either of the parties and the separate issue as to the custody of the minor child of the parties. The appellant prevailed on the first issue and was granted an absolute divorce. The court decided against the appellant on the latter issue as to the custody of the minor child and awarded such custody to the appellee. Under the statute, Burns' 1946 Replacement, § 2-3006, it is mandatory that the court apportion the costs according to the judgment rendered, and it is provided therein that where there are several issues a plaintiff shall recover costs upon the issue determined in his favor and the defendant shall recover costs upon the issue determined in his favor. There was much evidence introduced relating to the custody of the minor child, and this issue was bitterly contested, and the lower court was in error in failing to apportion the costs chargeable to the appellant upon the issue decided against him as to the custody of the minor child of the parties.

The trial court did not err in overruling appellee's amended motion to modify its judgment decree to include an order against appellant to pay appellee's attorneys' fees, but it did err in overruling appellee's motion to modify its judgment decree in order to properly apportion the costs of the action between the parties.

The judgment is affirmed as to the action of the trial court overruling appellant's motion for a new trial and in its judgment and decree awarding the custody of

Stephen Lucas, the minor child of the parties, to the appellee, Adelaide Lucas; and this cause is remanded with instructions to the trial court to apportion the costs and to determine the amount of costs recoverable by appellee and against appellant upon the issue of the custody of the minor child of the parties, and enter judgment accordingly.

Royse, J., concurs in part and dissents in part with opinion.

Martin, J., concurs in part and dissents in part with opinion.

ROYSE, J.—(Concurring in part and Dissenting in part).

I agree with the conclusion of the majority as to the custody of the child and the apportionment of the costs, but I cannot agree with their opinion and decision on the question of attorneys' fees for appellee's attorneys.

As pointed out in their opinion, the trial court was presented with the questions of granting a divorce to either of the parties, and the custody of their minor child. Most of the evidence in the record relates to the latter. The long trial of this case was necessitated by the bitter contest on this important matter. The *pendente lite* allowance of $50, in my opinion, was a determination appellee was entitled to a reasonable allowance for attorneys' fees, but this sum was wholly inadequate compensation for the services rendered by attorneys for the appellee. It seems to me that the stipulation of the parties recognizes these facts. Therefore, I feel the trial court abused its discretion.

I believe this case should be remanded with instructions to sustain appellee's motion to modify the judgment.

MARTIN, J.—(Concurring in part and Dissenting in part).

I am of the opinion that under the record in this case it clearly discloses that the court below abused its discretion with reference to the custody of the child in question.

NOTE.—Reported in 86 N. E. 2d 300.