SCOTT *v.* KELL

[No. 18,750. Filed June 7, 1956. Rehearing denied October 11, 1956. Transfer denied March 29, 1957. Rehearing on petition to transfer denied June 19, 1957.]

474

*Waldo C. Ging,* of Greenfield, and *John H. Baldwin,* of Indianapolis, for appellant.

*Addison M. Dowling,* of Indianapolis, and *Melville E. Watson,* of Greenfield, for appellee.

CRUMPACKER, P. J. —The appellant and the appellee were formerly husband and wife and as such have three children, Phyllis, Barbara and David born in 1941, 1942 and 1946 respectively. They were divorced on October 5, 1949, by a decree of the Hancock Circuit Court which granted custody of Phyllis and Barbara to the appellant and custody of David to the appellee with the right of each parent to visit the child or children in the custody of the other at any reasonable time or times. In June 1952, the appellee, having remarried, filed a petition in said divorce proceedings in which she asked the Hancock Circuit Court to modify its decree of October 5, 1949, to the extent that she be given the exclusive temporary custody of Phyllis and Barbara "for a two-week period during each summer season and for a reasonable time during Christmas, Thanksgiving and spring vacations of the school year." The petition makes no mention of David, a fact which, in our opinion, is unimportant and we mention it only because the appellant predicates error on such fact, as

will hereafter appear. The appellee dismissed this petition on October 9, 1952, two days before it was set for hearing, but refiled it verbatim on December 16, 1952. The appellant answered to the effect that the appellee had violated the terms of the divorce decree by visiting the two children in his custody on several occasions without his knowledge and against his wishes and at times that were detrimental to the best interest and welfare of said children. Said answer asks that the appellee's petition be denied and that she be enjoined from visiting said children in the future without his express consent. On December 1, 1954, the court set said petition for hearing and trial on December 10, 1954. On December 4, 1954, the appellant filed a verified motion that such trial be continued until a later date to enable him to take the depositions of certain witnesses and to arrange for the presence of others in court, all of which was made necessary by the appellee's sudden and unexpected dismissal of her first petition which he was fully prepared to defend on the day it was set for hearing. The court made no ruling on this motion and the appellant, in the meantime, filed a written request that the court find the facts specially and state its conclusions of law thereon.

The cause went to trial on December 10, 1954, and on March 7, 1955, in disregard of the appellant's request for special findings, the court found generally for the appellee on her petition and by appropriate judgment granted her the relief prayed for. Upon the appellant's filing of a motion for a new trial the court opened the above judgment, found the facts specially, stated its conclusions of law thereon and entered the following judgment:

"WHEREFORE, it is now ordered, adjudged and decreed that; (1) the custody of Phyllis Ann Scott and Barbara Sue Scott, minor children of the parties herein, is now and shall be with the plain-

tiff herein, Robert O. Scott; (2) the custody of David Marshall Scott, minor child of the parties herein, is now and shall be with the defendant herein, Edith H. Scott (Kell) ; (3) the defendant herein, Edith H. Scott (Kell) shall have the right to have Phyllis Ann Scott and Barbara Sue Scott, minor children of the parties herein, with her in her custody for the purpose of visitation between the hours of 11:00 A. M. Saturday until 5:00 o'clock P. M. Sunday following on the second and fourth week ends of each calendar month; (4) the defendant herein shall have the further right to have said Phyllis Ann Scott and Barbara Sue Scott with her in her custody for the purpose of visitation from the hours of 11:00 o'clock a.m. until 5:00 o'clock p.m. on Christmas day 1955 and each Christmas Day thereafter; (Tr. 122)

(5) said defendant herein shall have the further right to have Phyllis Ann Scott and Barbara Sue Scott, minor children of the parties herein, with her in her custody for the purpose of visitation for and during the first two weeks in August of each year; (6) said defendant herein shall provide for the transportation of said children Phyllis Ann Scott and Barbara Sue Scott to and from the residence the plaintiff, Robert O. Scott;

(7) the plaintiff herein, Robert O. Scott may have with him in his custody for the purpose of visitation David Marshall Scott, minor child of the parties herein, on the first and third week ends of each month between the hours of 11:00 o'clock A. M. Saturday until 5:00 o'clock P. M. Sunday following, and that he may have said minor child with him in his custody for the purpose of visitation on Christmas Eve 1955 and each Christmas Eve thereafter beginning at 3:00 o'clock P. M. on the day before Christmas and ending at 11:00 A. M. on Christmas Day; (8) the plaintiff herein, Robert O. Scott, may have the custody of David Marshall Scott for the purpose of visitation for and during the third and fourth weeks of August of each year; (9) plaintiff is to furnish the transportation for said David Marshall Scott, minor child of the parties herein, to and from the plaintiff's home. (Tr. 123)

All until the further order of this Court."

The first assigned error in this appeal concerns the appellant's motion for a continuance which he asserts the court overruled orally but neglected to make a record of such ruling and refused to do so after attention had been called to said oversight. The record discloses no such situation but merely shows the filing of the motion and no action of the court thereon. If the facts are as asserted by the appellant they should have been brought into the record by special bill and in the absence thereof we are bound by the record as it is certified to us. It is fundamental that error cannot be predicated upon a ruling which the record indicates was never made.

The appellant next contends that the court erred in modifying its original order in reference to the custody of the child David. He says there was no issue in the case in reference to David's custody; that neither he nor the appellee asked that the original order be changed in respect thereto and in doing so the court went outside the issues and therefore its judgment is contrary to law. We agree that in civil matters generally a finding on matters not in issue is improper and a judgment in adjudication thereof is erroneous. *Koons* v. *The First National Bank of Jeffersonville* (1883), 89 Ind. 178, 184. Such however is not the rule in reference to the custody of the child of divorced parents. The court granting the divorce has full and complete jurisdiction, during the minority of such children, to make from time to time such orders and modifications thereof, with respect to their care and custody, as the court deems expedient. *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86. This means that during the minority of such children their custody is always in issue without regard to formal pleadings or the wishes of the parents and no order of the court in reference thereto made after proper notice can be

considered erroneous solely because neither party requested it. *Dubois* v. *Johnson* (1884), 96 Ind. 6.

During the trial of the issues joined on the present petition the appellant, in an effort to prove that the appellee is not a fit person to have the custody of the two girls even temporarily, offered much evidence concerning her conduct before the divorce. The exclusion of this evidence is charged as error but we do not consider it so. In *Dubois* v. *Johnson, supra,* a case very similar to this, the court said:

> "Of course, the welfare of the children is the prime consideration, and should be so regarded in the hearing of the case, and the making of the decree. But when the case has been heard, and a final decree entered, the doctrine of *res adjudicata* applies as in any other case. There must be an end to such litigation. If, in this case, appellee has the right to go into the conduct of the appellant prior to the decree awarding the custody of the child he may do so in any number of subsequent proceedings for a modification of that decree, and thus the court may be called upon to re-try the issues already settled.
>
> "It is important to the child that there shall be an end to such litigation. No good can come to it from re-exposures of the faults of its parents. When the fitness of its custodian is once settled, that settlement should be regarded as final up to that time."

The appellant contends, however, that the above rule is not applicable here because the court's order in reference to the custody of the children merely followed an agreement of the parties and as no adversary issue of the appellee's fitness was involved the court's decree is not *res adjudicata* of such issue. This identical proposition was urged in the Dubois case and in disposing of it the court said:

> "Whether the Court should have acted upon the agreement, we need not here inquire. It did so act, and our opinion is that, by such an agreement, each

party conceded and agreed to the fitness of the other, at that time, to have the care and custody of the child as ordered by the court; that by such agreement each is as much bound as if the order and decree had been made upon testimony heard by the court, and that the order and decree based upon the agreement was an adjudication upon the question of appellant's fitness at that time to have the custody of the little girl. For the purpose of the order and decree, the agreement took the place of testimony."

It is next asserted that the decision of the court is not sustained by sufficient evidence. In determining this question we are permitted to consider only that evidence most favorable to the decision. Such evidence tends to prove that since the parties were divorced in October, 1949, the appellee has remarried and is now living with her present husband and son David in a comfortable home of adequate size in a well-to-do neighborhood near 86th St. in Indianapolis, Indiana. This property is owned by the appellee and her husband who is in the carpet laying and rug cleaning business for which purpose he maintains a shop in the basement of the house and is assisted in his work by the appellee who answers the telephone calls and keeps his books, etc. The family are all active church members and keep a Bible in the home as well as other books and magazines such as the Saturday Evening Post, Popular Mechanics, etc. David, the son, is well mannered, neat and clean and has many friends among the children in the neighborhood who frequently come to his house to play. Since the divorce the appellant also has remarried and his present wife has consistently refused to let the appellee see her daughters until and unless she first obtains the express consent of the appellant to do so. The appellant is a general practitioner of medicine and is away from his home and office for many hours both day and night and it

is difficult for the appellee, who lives some 30 miles distant, to contact him for the purpose of arranging time for visitations. The result is that the appellee has been able to see her daughters very infrequently since the divorce and they are being raised as strangers to her and taught to refer to her as "Edith" and to the appellant's present wife as "mother." She has never failed to remember said daughters with gifts on Christmas, Easter and their birthdays but such remembrances have never been acknowledged.

From all of the evidence, which is too voluminous for detail, it seems to us that the trial court could very well have concluded that the visitation provisions of its original order were not working to the best interests of all concerned, including the children, and that the appellee and her present home are in all respects suitable for the brief and temporary custody of the two girls at stated intervals as provided by the modified order. Such conclusion is beyond our power to disturb as we cannot say, as a matter of law, that it clearly appears that the court abused its discretion in reaching it. *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606; *Lucas* v. *Lucas* (1949), 119 Ind. App. 360, 86 N. E. 2d 300.

The appellant complains extensively of the court's special findings of fact. Whether or not special findings of fact are in order or even permissible on a motion to modify a divorce decree in respect to the custody of children is a question we do not decide. The record shows that the facts were found specially at the appellant's request and without objection on the part of the appellee and we wish it understood that what we say in reference to such findings is not said in recognition of the propriety of the practice. We have examined each of them and although they contain some evidentiary matters it is apparent that

the primary facts so recited necessitate the inference that the best interests of the children require a modification of the original custody order which, after all, is the ultimate fact involved. *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629. Also said findings are silent as to some facts, favorable to the appellant, that might appropriately have been found but had they been so found a contrary decision would not have been forced on the court as a matter of law. The failure to find such a fact is not fatal as the decision of the court may still be sufficiently supported by those facts actually found. *Hohn* v. *Shideler* (1905), 164 Ind. 242, 72 N. E. 575; *Elliot* v. *Pontius* (1893), 136 Ind. 641, 35 N. E. 562, 36 N. E. 421.

The appellant insists that finding No. 3, vital to the appellee's case, must be disregarded because it makes reference to the terms and provisions of the original judgment without setting out said judgment or its substance. This contention is without merit as it is the law of this State that a document of record may be made a part of a special finding by reference. *American Income Ins. Co.* v. *Kindlesparker* (1942), 110 Ind. App. 517, 37 N. E. 2d 304; *Cottrell* v. *Nixon* (1887), 109 Ind. 378, 10 N. E. 122. We consider it to be the rule that special findings must be considered as a whole and all intendments indulged in their favor. *National Surety Co.* v. *State* (1914), 181 Ind. 54, 103 N. E. 105. When this is done in the present case we consider the findings amply sufficient to sustain the judgment predicated thereon.

An examination of the court's conclusions of law persuade us that the first three of them are merely findings of fact and must be disregarded. No. 4 however is clearly a legal conclusion and reads as follows: "That the judgment and decree of divorce previously made and entered herein on the 5th day of October,

1949, should be modified in regard to the custody of the minor children of the parties herein. . . ." In our opinion this conclusion alone is sufficient to support the judgment which follows. See *Hammann* v. *Mink* (1885), 99 Ind. 279.

Finally the appellant contends that the court erred in opening its judgment of March 7, 1955, after which it found the facts specially, stated its conclusions of law thereon and then re-entered substantially the same judgment that was rendered in the first instance. The procedure followed by the court is specifically authorized by Rule 1-8 which reads as follows: "On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions and direct the entry of a new judgment."

We find no error. Judgment affirmed.

## ON PETITION FOR REHEARING

CRUMPACKER, J.—The appellant's petition for a rehearing charges us with misconstruing the issues raised by his motion for a continuance. While we do not concede this to be true it is, nevertheless, of no consequence. As far as the record discloses such motion was never presented to or ruled upon by the court. The acts of a court of record are known by its records alone, *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, and the fact that a verified pleading in the present case states that the court denied the appellant's application for a continuance does not establish the fact. *Kellogg* v. *Sutherland* (1871), 38 Ind. 154.

In reference to the appellant's contention that the court's order concerning the custody of the child David

is erroneous as being outside the issues, we adhere to our initial holding. Furthermore the action of the court in modifying its original order in reference to David's custody was all in the appellant's favor and furnishes nothing of which he can complain.

The appellant next contends that we erred in following *Dubois* v. *Johnson* (1884), 96 Ind. 6, to the effect that the appellee's fitness to have the custody of her two daughters was *res adjudicata* up to the time of the divorce decree and that evidence of her conduct prior to that time was inadmissible. This contention is based on the fact that the divorce decree awards the custody of the two girls to the appellant and not the appellee. The fitness of the mother to have custody of her children was an issue in the divorce proceedings. She was given the custody of one of them and there is nothing in the evidence which would warrant the court in concluding that she was a fit person to have the custody of the one but unfit as to the others. We are forced to conclude that the court was prompted to divide custody for reasons other than the fitness of the respective parents and that the fitness of each was fully and finally adjudicated up to the time of the divorce.

It is next contended that we failed to decide alleged error in rejecting the testimony of three witnesses for the appellant and excluding his exhibits 9 and 10. All such evidence had to do with the appellee's conduct prior to the divorce and our holding that such issues were *res adjudicata* fully disposed of alleged error in its exclusion.

We have carefully considered the other propositions set out in the appellant's petition for a rehearing but find no reason to alter or further elaborate our discussion thereof as contained in our initial opinion.

Petition denied.

NOTE.—Reported in 134 N. E. 2d 828.

Rehearing denied 137 N. E. 2d 547.

Transfer denied with Per curiam opinion in 141 N. E. 2d 406.