## SHOWERS ET AL. *v.* GOODMAN.

[No. 10,207.  Filed April 8, 1918.]

1. APPEAL.—*Dismissal.—Landlord and Tenant.*—Where a judgment permanently enjoined the defendants from interfering with the plaintiff's possession of real estate so long as the latter complied with his lease, and decreed that the injunction should terminate in the event of the mutual agreement of the parties, an appeal therefrom will be dismissed where, prior to the perfection of the appeal, the tenancy was terminated by mutual consent, possession of the premises having been surrendered by the plaintiff and accepted by the defendants. p. 354.

2. APPEAL.—*Decisions Reviewable.—Moot Question.*—Where the plaintiff remitted the amount recovered in an injunction suit, leaving only the judgment for costs, and the record shows that

the injunction had been terminated by mutual consent of the parties before the appeal was perfected, the court on appeal will not review the questions presented to determine the matter of costs. p. 354.

3. APPEAL.—*Estoppel to Allege Error.—Accepting Benefits.*—The acceptance of rent by a landlord for the occupancy of real estate for periods both before and after the rendition of a. judgment permanently enjoining interference with the tenancy amounted to an acknowledgment of the tenancy and of the legality of the judgment, and estops such landlord from asserting on appeal that the judgment is erroneous. p. 355.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Suit by Abraham Goodman against Julius L. Showers and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed.*

*A. E. Lisher* and *Isaac Carter,* for appellants.
*Hall & Pell,* for appellee.

IBACH, C. J.—Appellee was a tenant of appellants, and brought this suit to enjoin appellants from ousting him from the premises rented and for damages. On his verified petition a temporary restraining order was issued against appellants "until the further order of the court." Upon final hearing on March 4, 1916, the court made a special finding of facts, and stated conclusions of law thereon. The temporary restraining order was made permanent, and appellants were enjoined from interfering with appellee's possession of the building and premises in dispute so long as appellee complied with the terms of a certain lease under which he was in possession and occupying the said premises. The decree also provided that the injunction should terminate and be at an end in the event that appellants and appellee should mutually terminate the tenancy, and in the event of its termination by law, and appellee was given judg-

ment for one dollar damages and costs. It is from this judgment that appellants have appealed.

We are first met with a motion to dismiss the appeal, alleging as grounds therefor that the controversy between the parties has been settled, and the questions presented by the appeal have thereby become moot; also, for the further reason that appellants, prior to appealing the cause, accepted benefits under the decree of the court, and recognized the rights of appellee as determined by the judgment of the lower court.

The motion and affidavit of appellee, which is not contested by appellants, show that the tenancy over which the litigation arose has been by the parties mutually terminated, the premises surrendered by appellee, and that appellants have taken full possession thereof; that appellee has not had, or made, any claim for possession of the storeroom in question since September 25, 1916, long before taking of this appeal. It is clear, therefore, that before perfecting the appeal the parties did, by virtue of the decree of the court, terminate the injunction granted by mutual consent and agreement of the parties.

It is further made to appear that appellee has remitted the judgment of one dollar; therefore there was no judgment in fact when this appeal was taken, except the judgment for costs. We are informed also that appellee continued to occupy the premises from the date of the final judgment until September 25, 1916, and paid, and appellants accepted, as rent therefor the sum of $392, being rent at the leased price from December 25, 1915, until the date aforesaid, when possession of the premises was

surrendered by him and accepted by appellants. These facts, which, as we have said, are not controverted, require a dismissal of the appeal. The questions presented by the record have become moot propositions of law, and will not be considered and determined by this court simply to decide the question of costs. *Leavell* v. *Doney* (1913), 181 Ind. 481, 104 N. E. 856, and cases cited.

Furthermore, by accepting and collecting rents from appellee according to the terms of the original lease for the time rent was unpaid before, and

3.   for the occupancy of the premises after, final judgment, appellants acknowledged appellee as their tenant and acknowledged the legality of the judgment of the trial court, and must now be held to be estopped to claim that such judgment is erroneous. *Williams* v. *Richards* (1898), 152 Ind. 528, 53 N. E. 765; *McGrew* v. *Grayston* (1896), 144 Ind. 165, 41 N. E. 1027; *Scott* v. *Dilley* (1912), 53 Ind. App. 100, 101 N. E. 313

Appeal dismissed.

NOTE.—Reported in 119 N. E. 219.