WHINERY, EXECUTRIX *v.* KOZACIK.

[No. 15,674. Filed November 23, 1937.]

350

*Belshaw, Huebner & Belshaw*, for appellant.

*Crumpacker & Friedrich*, and *Jay E. Darlington*, for appellee.

DUDINE, J.—This action was instituted by William J. Whinery against appellee Michael E. Kozacik to recover for professional services allegedly rendered. William J. Whinery died before the cause was submitted for trial, and therefore appellant was substituted as plaintiff.

The issues were formed by an amended complaint filed by appellant, and an answer of general denial filed by appellee. The cause was submitted to the court for trial without a jury, and the court found for appellant that she should recover $843.27, from appellee.

In due time appellee Kozacik filed a motion for new trial. Thereafter he filed a pleading entitled "Affidavit supporting motion for a new trial," in which it was averred among other things, that after said motion for new trial was filed, the Porter County Courthouse, wherein the records of the trial court were housed, was partially destroyed by fire, including the court reporter's office and records therein; that at the trial of the case the testimony and proceedings were taken down in shorthand by the official reporter; that said reporter's notes were completely destroyed in said fire, and that as to the great bulk of said testimony there is no means of

determining what it was except the recollection of the court and counsel.

In the "affidavit" affiant prayed that a new trial be granted. It was thereafter stipulated by the parties that said "affidavit" be considered as a complaint for a new trial for causes discovered after term. Appellant filed an answer in general denial. The issues formed by said pleadings were submitted to the court for "hearing and determination." The "determination" of said issues by the court as shown by the record is as follows:

"Come now the parties hereto, by counsel, and the court now grants and sustains defendant's motion hereinbefore filed for a new trial of this cause on the grounds set forth in defendant's affidavit in support of his motion for a new trial of this cause ... and the court in granting said motion for a new trial of this cause does so for the reason that the record of the oral testimony given at the trial of this cause has been destroyed by fire and that by reason of the destruction of said record the court cannot settle upon a bill of exceptions, and the defendant would be substantially deprived of his right of appeal thereby and the court considers a new trial of this cause to be necessary to meet the ends of justice."

Appellant Whinery excepted to said ruling of the court and prayed an appeal therefrom, which was granted.

The errors assigned upon appeal are as follows:

"1. The court erred in granting the appellee a new trial for the causes alleged in defendant's complaint for new trial for causes discovered after term.

"2. The court erred in sustaining appellee's motion for new trial."

Appellee Kozacik has filed a motion to dismiss the appeal. One of the grounds of the motion is:

"The only error assigned is that the court erred

in granting a new trial in this cause. The granting of a new trial is not a final judgment from which an appeal can be taken."

Appellant contends that the record shows that appellee was granted a new trial "upon a pleading which by stipulation was treated as a complaint for a new trial for trial for causes discovered after term" and that an order granting a new trial in such a proceeding is an order from which an appeal will lie.

The order of court appealed from shows on its face that it is an order granting the motion for new trial which was filed in the original proceeding, that it is not a judgment in a proceeding for a new trial for causes discovered after term.

The order does state that the court grants said motion for a new trial "on the grounds set forth in defendant's affidavit in support of his motion for a new trial," but a statement of grounds or reasons why a court makes an order granting a motion for a new trial cannot be held to change the effect of such an order.

In spite of the statement of said reasons or grounds in the court order before us, the court by said order expressly "grants and sustains defendant's motion hereinbefore filed for a new trial" and it is that order from which this purported appeal is taken. That order granting the motion for a new trial left open for trial all the issues presented in the case, and, therefore is clearly not a final order from which an appeal will lie.

The appeal is, therefore, dismissed.