TOPPER *v.* DUNN.

[No. 19,375. Filed October 10, 1961.]

*Warren, Merrell & Combs* and *Wilbur F. Dassel,* both of Evansville, for appellant.

*John H. Jennings* and *Gerald G. Fuchs,* both of Evansville, for appellee.

RYAN, P. J.—This was a neligence action brought by the appellee against the appellant to recover damages for personal injuries sustained by the appellee, a pedestrian, who was struck by an automobile being driven by the appellant. The cause was originally filed in the Vanderburgh Probate Court and was venued to the Posey Circuit Court. It was tried in the Posey Circuit Court with a special judge presiding, and the jury returned a verdict for the appellant and against the appellee. The court rendered judgment on such verdict, and the appellee filed her written motion for a new trial. The court then sustained the appellee's motion for a new trial, set aside the judgment on the verdict, and ordered a new trial, to which ruling the appellant excepted. A second trial was then held before a jury in the Posey Circuit Court, and the jury returned a verdict for the appellee and against the appellant. The court awarded judgment on this verdict in the sum of Nine Thousand Two Hundred Twenty-five ($9,225.00) Dollars.

Appellant then filed his motion for a new trial, which was overruled. The appellant assigns as error: 1. that the court erred in sustaining the motion for a new trial of the appellee, and 2. that the court erred in overruling the motion for a new trial of the appellant.

The appellant argues his Assignment of Error No. 2, which was the overruling of his motion for a new

trial, and which motion contains twenty-seven (27) specifications. The first of these specifications that appellant submits is that the court erred in sustaining the plaintiff's (appellee) motion for a new trial.

We agree with the contention of the appellant that this is his first opportunity to have the ruling of the court granting the plaintiff's motion for a new trial reviewed. Until the enactment of chapter 25 of the Acts of 1959, being Burns' §2-3201 (b) (1961 Supplement), the sustaining of a motion for a new trial was not available error until the case was re-tried and a final judgment rendered. *Carlson* v. *Roth* (1946), 117 Ind. App. 272, 71 N. E. 2d 579. However, as appellant recognizes, where a new trial is granted the ruling will rarely by reversed.

"To authorize a reversal of an order granting a new trial, three things must be shown: 1. That there was a plain abuse of judicial discretion. 2. That flagrant injustice has been done the complaining party. 3. A very strong case for relief." 4 Works' *Indiana Practice*, Lowe's Revision; §61.140, p. 120.

The trial court's ruling on the granting of the motion for a new trial after the first trial, reads as follows:

"Comes now the parties in person and by their respective attorneys and the court having heretofore, on April 29, 1958, heard argument on motion for new trial and having considered briefs filed thereon, and having determined that the verdict of the jury is not sustained by sufficient evidence, now sustains plaintiff's motion for a new trial, and the judgment of this court heretofore rendered on the jury's verdict is now set aside and a new trial ordered."

Appellant urges that the words in the above ruling "and having determined that the verdict of the jury is

not sustained by sufficient evidence" indicates that the trial court was laboring under a misapprehension as to which one of the parties had the burden of proof. However, the appellee's motion for a new trial contained ten (10) specifications of error and we view the above cited language as merely surplusage, since the statement of reasons by a trial court as to why it makes an order granting a motion for a new trial, cannot be held to change the effect of such an order, which is the granting of the motion for a new trial. *Whinery, Executrix* v. *Kozacik* (1937), 104 Ind. App. 349, 11 N. E. 2d 86.

Appellant further urges that the granting of the new trial resulted in a flagrant case of injustice to the appellant. In respect to such contention, the language of the Supreme Court of Indiana in the case of *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al.* (1956), 235 Ind. 489, 135 N. E. 2d 1, is particularly noteworthy. It is there stated in 235 Ind. at page 497:

". . . it is the duty of the trial judge, who also saw the witnesses and heard the evidence from their lips, on proper motion to order a new trial of the cause. This is a duty which the trial judge should exercise with careful deliberation. However, in every case where it does appear, after considering the conflicts in the testimony and weighing the evidence, that the verdict is against the clear preponderance of the evidence, it is the imperative duty of the trial judge to exercise this prerogative of his office with 'firmness for the right,' and order a new trial."

A new trial having been granted, a much stronger case must be made for the reversal of such ruling than if it had been denied. Substantial justice must appear to have been done in the trial court or a new trial granted. In the appeal it should appear clearly that substantial justice has not been

done or the judgment should be affirmed. *Lowry* v. *Indianapolis Traction, etc., Co.* (1921), 77 Ind. App. 138, 126 N. E. 223.

A careful scrutiny of the record before us fails to reveal that there was a plain abuse of judicial discretion; that a flagrant injustice has been done the complaining party; and that there has been made a very strong case for relief.

Appellant next objects to the giving of Appellee's Instruction No. 4, which reads as follows:

> "I instruct you that at the time of the accident in question there was in full force and effect the following statute of the State of Indiana, which reads in part, as follows:
>
> "'Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:
>
> "'(1) Twenty (20) miles per hour in any business district.
>
> "'Business District. The territory contiguous to and including a highway when fifty (50) per cent or more of the frontage thereon for a distance of five hundred (500) feet or more is occupied by buildings in use for business,'
>
> "If you find from a fair preponderance of the evidence that the defendant, George Elliott Topper, operated his automobile at a speed greater than Twenty (20) miles per hour in a business district in accordance with the above statutory provisions, then such conduct on the part of said Topper would authorize you to find that he was operating his said automobile at a speed which was greater than was reasonable or prudent and if you further find that such conduct on the part of said Topper was the sole proximate cause of the accident complained of in the complaint and the resulting injuries, if any, to the plaintiff, then, under such circumstances, your verdict should be

for the plaintiff, Eva Dunn, and against the defendant, George Elliott Topper."

Appellant's objection thereto is as follows:

"The defendant objects to the giving of Plaintiff's Instruction No. 4 for the reason that it fails to define or include a residential area as is provided in the Statutes from which the Statute is taken. There is absolutely no evidence which would indicate that there was territory contiguous to and including a highway where fifty percent or more of the *average* (frontage) thereon for a distance of five hundred feet or more is occupied by buildings in use for business is contemplated in the portion of the Statute cited. The Instruction is misleading; it does not follow the evidence; and is highly prejudicial to the defendant."

While it is true that the instruction fails to define or include a residential area, the instruction is complete and correct insofar as it goes, and the appellant not having requested or tendered a fuller or more complete instruction upon the subject cannot now with just cause complain. *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 98 N. E. 729. Nor can we say, viewing the evidence most favorable to the appellee, that there was "absolutely no evidence" that this was a business district as contemplated in the portion of the statute cited.

Appellant further argues the granting of Appellee's Instruction No. 6, which reads as follows:

"The Court instructs you that there are three statutes in the State of Indiana which were in full force and effect at the time of the collision in question relative to the duty of a motorist to give timely warning by sounding his horn for the benefit of a pedestrian, the pertinent part of which said three statutes are as follows:

" 'In approaching a pedestrian who is walking or standing upon the traveled part of any

highway, or curve or a corner in a highway where the opertor's view is obstructed, every person driving or operating a motor vehicle or motor-bicycle shall slow down and give a timely signal with the bell, horn or other devise for signaling.

" 'Notwithstanding the foregoing provisions of this act, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway and shall give warning by sounding the horn when necessary, . . .

" '. . . The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon the highway.'

"So, in this case, if you should find that the defendant, George Elliott Topper, violated any one or more of the above statutes by failing to give to the plaintiff, Eva Dunn, timely warning of his approach in accordance with the above statutes, without any excuse therefor, and that such failure was the sole proximate cause of the accident in question, and the injuries, if any, to the plaintiff, Eva Dunn, then your verdict should be for the plaintiff, Eva Dunn, [then your verdict should be for the plaintiff, Eva Dunn,] and against the defendant, George Elliott Topper."

to which the appellant offered the following objection:

"Defendant objects to the giving of Plaintiff's Instruction No. 6 for the reason that there is no evidence to the effect that there was a failure on the part of the defendant to give warning by sounding the horn, the witness Eva F. Dunn having stated that she did not know if a warning was given or a horn sounded. And for the further reason that the instruction as given is mandatory and fails to obviate contributory negligence on the part of the Plaintiff."

In support of his contention appellant argues that the evidence does not reveal whether the defendant

did or did not sound his horn. However, the plaintiff on direct examination was asked and answered:

"Q.68 Did you have any notice by horn or anything that he was near?

"A.    Not that I recall.

"Q.69 Do you recall at any time any horn being blown or any signal being given you?

"A.    The most I recall was the screeching of the car."

Further, the appellant testified:

"X.Q.79 You tell the jury the thing you did was to apply your brakes, and did everything you could to stop?

"A.    That is right.

"X.Q.80 But you had not done anything but take your foot off the gas at that time?

"A.    No."

We cannot conclude that such evidence is a complete failure as to whether or not the defendant did or did not sound his horn.

Evidence as to the sounding of a horn or the blowing of a railroad whistle sometimes falls within the purview of what is termed negative evidence. Although it may not have the same probative value as positive evidence, it is at times the only method in which the same can be proven. The instruction properly submits the question of fact to the jury for its determination and is not invalid for the reason that there were no absolute statements that the horn was or was not sounded.

Appellant's further objections to the instruction are not argued in the brief, and thus are not considered.

The next specification which appellant urges upon us is Cause No. XXVI of his Motion for New Trial, which is as follows:

"XXVI. Error of law occurring at the trial and excepted to by the defendant in this, to wit:

"The court erred in overruling the objection of the defendant to a question asked of the defendant, George Elliott Topper, by plaintiff on cross-examination, in this, to-wit:

" 'Cross-Examination, by Mr. Jennings of the Defendant, George Elliott Topper:

" 'Q. Whether or not on November 20th, 1956, you were found guilty of failure to grant right-of-way to a pedestrian in the City Court of Evansville?

" 'By Mr. Combs: Objection, and I instruct the witness not to answer to give me an opportunity to make the objection. The court is familiar with the law on the question, or he is positive he did not enter a plea of guilty.

" 'By the Court: Sustained, because he has not approached the thing properly yet.

" 'Q. *Mr. Topper, I will ask you to state please whether or not on November 20th, 1956, in the City Court in Evansville, Indiana, you were arrested and convicted of operating a motor vehicle for failure to grant right-of-way to a pedestrian?*

" 'By Mr. Combs: *Objection. At this time we offer our objection and move for a mistrial.*

" 'By the Court: The objection will be sustained, but there will be no mistrial.

" ' (Noon recess.)

" 'Mr. Topper again takes the witness stand.

" 'By Mr. Jennings:

" 'Read the last question, Miss Reporter, please, and I will amend it.

" ' (Reporter reads question.)

" 'By Mr. Jennings: *and add, "and were fined $5.00 and costs."*

" 'By Mr. Combs: *To which the defendant will object for the reason it has no place in the*

*present action whatsoever. Counsel has been ad-
monished for referring to this. The witness
stated he did not enter a plea of guilty and we
do not feel it is a proper question.*

"'By the Court: *Objection overruled; you
may answer the question.*

"'A. At that time I was advised—

"'By the Court: Just answer "yes" or "no."

"'A. No, I was not.

"'Q. Were you convicted in City Court?

"'A. May I ask a question—does convicted
mean paying a fine?

"'By the Court: Yes.

"'By Mr. Combs: Objection; I think this is
a conclusion unless this man be permitted to
answer.

"'A. I don't know.

"'Q. You did pay a fine?

"'A. I did.

"'Q. Who was the attorney?

"'A. John Clouse.

"'Q. And it was on his advice that you did
that, wasn't it?

"'A. Yes, that is, paid a fine.

"'Redirect, by Mr. Combs:

"'Q. I will ask you whether or not at that
time you pleaded guilty to any crime at all?

"'A. I did not, in any way.

"'Q. I will ask you whether or not your at-
torney spoke to you about paying a fine?

"'A. He did.

"'Q. What did he say to you?

"'A. He advised me it would be cheaper to
pay a fine than try it in court.

"'Q. Did you at any time enter a plea?

"'A. I did not.' (our emphasis.)"

In the argument portion of his brief appellant then
states:

"For the court's convenience the objectionable
question, the objections thereto and the court's er-
roneous ruling thereon are emphasized in the cause
above set out."

We find no merit in appellant's contention for several reasons. First, we are not certain which question and objection thereto and which ruling of the court appellant has relied upon for reversal. It is axiomatic that the specification in regard to the alleged error with reference to evidentiary questions must specifically set forth the question, the objection or the ruling of the court and the answer of the witness to the objected to question. *Fuehring et al. v. Union Trust Company of Indianapolis et al.* (1946), 117 Ind. App. 246, 249, 69 N. E. 2d 141; *Guerrettaz et al. v. Public Service Co. of Indiana, Inc.* (1949), 227 Ind. 556, 563, 87 N. E. 2d 721; see also cases cited in Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice,* §1812, Comment 8.

Further, the objection as emphasized by the appellant in the brief is "for the reason it has no place in the present action whatsoever." Such an objection is tantamount to the general objection that it is immaterial, incompetent, and does not tend to prove any issue in the case.

As stated by the Supreme Court of Indiana in the case of *Vanosdol, Receiver v. Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812, at 216 Ind. page 249:

". . . This testimony was admitted over the general objection that it was incompetent and immaterial and did not tend to prove any issue in the case. There was no claim that the proferred evidence was otherwise prejudicial. Such an objection is not sufficiently specific to present any question for review. . . ."

Further, appellant recognizes that the courts of our state are in accord with the general rule that a record of conviction on a plea of guilty is admissible into evidence in a civil action growing out of the same offense, not:

". . . as a judgment establishing the facts upon which it is based but as the deliberate declaration or admission against the defendant's interest in connection with the very matter charged in the civil action. Like any other admission its probative value may be destroyed by the circumstances under which it was given or by satisfactory explanation." *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 704, 705, 111 N. E. 2d 486.

And while such convictions are not admissible for the purpose of establishing the facts upon which they were rendered, they are admissible for the purpose of testing credibility. *Black* v. *Wachs* (1960), 130 Ind. App. 293, 163 N. E. 2d 894.

Without encumbering this opinion with a recital of the plaintiff's evidence, we deem it sufficient to state that prior to the evidence as set out above the plaintiff had established enough facts to sustain her burden of proof. In view of this circumstance, and recognizing the rule that the latitude and control of cross-examination rests largely in the sound discretion of the trial court, we fail to see where the appellant has affirmatively shown upon the record before us a clear abuse of such discretion so as to constitute reversible error. Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*, §2020, Comment 1.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 382.