## BAILEY *v.* KAIN.

### [No. 19,562. Filed January 24, 1963.]

*McLaughlin & Barker,* of North Judson, and *Kizer & Neu,* of Plymouth, for appellant.

*Paul Reed,* of Knox, for appellee.

HUNTER, J.—This action was filed by the appellee, Iris I. Kain, plaintiff below, against the appellant, William (Bill) Bailey, the defendant below, to recover damages for the loss of services of Rosa Mae Bailey, a minor child of appellee who was killed as a result of an automobile collision in Starke County.

The cause was tried by a jury and the jury found for the appellant (defendant below) and against the appellee (plaintiff below). The trial court entered an appropriate judgment on the verdict of the jury. In due time the appellee (plaintiff below) filed her motion for a new trial.

The trial court sustained the motion for the new trial and entered its judgment on said motion as follows:

"Come now the parties by counsel and the plaintiff's (appellee herein) motion for a new trial is presented."
"The court, having heard the matter and being duly advised now sustains the said motion and grants a new trial of this cause."

The appellant in his assignment of error among other reasons contends that the trial court erred in sustaining appellee's motion for a new trial citing #2-3201, Burns' 1946 Replacement (Cumulative Pocket Part).

(b) "A ruling or order of the court granting a motion for a new trial shall be deemed to be a final judgment, and an appeal may be taken therefrom."

Nothwithstanding the fact that the appellant (defendant below) made no motion in the court below requesting the trial judge to state in writing his specific reasons for sustaining the appellee's (plaintiff below) motion for a new trial, we nevertheless are of the opinion that it is necessary that the trial judge do so.

We deem it to be well settled that the trial court in sustaining a motion for a new trial must state in writing with particularity its specific reasons for granting a new trial. This we hold is necessary to establish good practice and to further the orderly administration of justice. *Rife, etc.* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239; *Newsom* v. *Pennsylvania Railroad Company* (1962), 133 Ind. App. 582, 181 N. E. 2d 240; and *Rans* v. *Pennsylvania Railroad Company* (1962), 133 Ind. App. 592, 181 N. E. 2d 644.

In this case the trial court failed to state in writing its specific reasons for sustaining the motion for, and granting, a new trial.

The determination of the this cause is therefore now held in abeyance and the cause is hereby temporarily remanded to the trial court with instructions to the trial judge to enter upon the trial docket within the ensuing next thirty days a statement in writing setting forth with particularity the specific reasons upon which the decision to sustain said motion for new trial was predicated. Upon the entry of said statement by the trial court, the Clerk of said court shall forthwith enter the same in the proper Order Book and certify a copy thereof with appropriate Clerk's Certificate, to the Clerk of this court. Said statement, so certified as aforesaid, when received by the Clerk of this court, shall be and become a part of the record in this cause with the same force and effect as if contained in the original transcript hereof on the date of submission.

Mote, P. J., Kelley, Pfaff, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 366.