NOTE.—Reported in 192 N. E. 2d 649.

HARMON *v.* ARTHUR.

[No. 19,618. Filed September 23, 1963.]

*Dix, Dix, Patrick & Ratcliffe* and *D. Joe Gabbert,* both of Terre Haute, for appellant.

*N. George Nasser,* of Terre Haute and *George Taylor,* of Sullivan, for appellee.

RYAN, J.—This is an appeal from the granting of a motion for a new trial. We had previously remanded it to the trial court to state its reasons in writing as to why the new trial was granted. See *Harmon* v. *Arthur* (1963), 134 Ind. App. 526, 189 N. E. 2d 719. This was in accordance with our rulings in *Rife, etc.* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239; *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240; and *Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644.

Pursuant thereto the trial court has filed its written reasons stating specifically therein why such motion was granted. We are now concerned with the propriety of such action. Among the other specific findings made by the trial court was that he observed the witnesses and heard and saw all the evidence, and in considering

the motion for a new trial weighed the evidence that was presented at the trial.

To authorize the reversal of an order granting a new trial there must be shown, first, that there was a plain abuse of judicial discretion, second, that a flagrant injustice has been done to the complaining party, and third, that a very strong case for relief has been made. *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382.

We further have the criteria as stated in the case of *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al.* (1956), 235 Ind. 489, 497, 135 N. E. 2d 1, 5, where our Supreme Court stated:

" . . . it is the duty of the trial judge, who also saw the witnesses and heard the evidence from their lips, on proper motion to order a new trial of the cause. This is a duty which the trial judge should exercise with careful deliberation. However, in every case where it does appear, after considering the conflicts in the testimony and weighing the evidence, that the verdict is against the clear preponderance of the evidence, it is the imperative duty of the trial judge to exercise this prerogative of his office with 'firmness for the right,' and order a new trial."

Applying the rules which we have mentioned to this particular case, we fail to see a positive and clear demonstration of an abuse of judicial discretion, a flagrant injustice, or the making of a very strong case for relief from such action of the trial court.

The judgment ordering a new trial is therefore affirmed.

Judgment affirmed.

Carson, P. J., and Clements and Cooper, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 498.