KOSTAS ET AL. *v.* KIMBROUGH, ETC.

[No. 19,839. Filed March 18, 1965.]

*Albert W. Ewbank* and *John Hurt,* of Indianapolis, for appellant.

*John A. Carson,* of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from a judgment of injunction and damages which had been entered for

plaintiffs-appellees and against defendants-appellants in the Marion Superior Court.

Appellees were tenants of certain premises under a five (5) year lease, the premises being let to them by the lessors-appellants. Appellees alleged in their complaint that appellants engaged in a course of harassment and conduct by interfering with the air conditioner and drain pipes. They also alleged threats to appellees' employees and other courses of conduct which interfered with their enjoyment of the premises. Appellees prayed for a temporary restraining order and permanent injunction and damages. Appellants filed an answer and cross-complaint to the injunction, praying for damages.

The cause was tried by the court without the intervention of a jury. Judgment was subsequently entered for appellees, enjoining appellants from interfering with the air conditioning equipment and drains, electrical and water supplies used for such equipment. Also, appellants were enjoined from interfering with other electrical power equipment and they were ordered to prevent leakage of water upon appellees' leased portion of the premises. Damages were assessed in the amount of One Thousand Five Hundred ($1,500) Dollars against appellees, plus One Hundred and Fifty ($150) Dollars in attorneys' fees upon a contempt citation which had issued pursuant to the court's finding of a violation of the temporary restraining order by the appellees.

After oral argument on the motion for new trial, the court entered an amended judgment pursuant to Supreme Court Rule 1-8. The amended judgment enjoined appellants in substantially the same manner as in the original judgment, the only apparent change being the reduction of money damages from One Thou-

sand Five Hundred ($1,500) Dollars to Seven Hundred and Fifty ($750) Dollars. Appellants then filed a motion to set aside and vacate the amended judgment and to reconsider the same, which was overruled by the trial court.

In appellants' argument portion of their brief, they seriously advance two questions for our consideration:

(1) Is the judgment sustained by sufficient evidence and therefore contrary to law?

(2) Did the court err in rendering an amended judgment?

Appellants agree that appellees had vacated the premises at or about the time of the oral argument on the motion for new trial because at that time the lease had terminated. Therefore, any question concerning the injunction against appellants as lessors issued for the benefit of the lessees is moot on this appeal. See *Showers* v. *Goodman* (1918), 67 Ind. App. 352, 354, 119 N. E. 219. We would thus be warranted in dismissing this appeal were it not for the judgment entered against appellants for money damages in retribution for property damage which had occurred because of appellants' acts while the relationship of landlord and tenant yet existed.

As to the question of whether the judgment for damages is contrary to law as not being sustained by sufficient evidence, we agree with appellants that the evidence on such damages is in conflict. It is well established that on appellate review, when the evidence is in conflict, we "will only consider the evidence most favorable to the party in whose favor the judgment was entered". *Brennan* v. *Reydell* (1963), 134 Ind. App. 298, 302, 187 N. E. 2d 492. After a thorough examination of the evidence most favorable

to the appellees, we conclude that the judgment for damages was supported by sufficient evidence.

The question that remains is whether the court erred in entering an amended judgment. Appellants argue that since the relationship of landlord and tenant had ceased to exist at the time of the oral argument on the motion for new trial of which the trial court was aware, that the trial court was in error in enjoining appellants in the amended judgment entered thereafter. As we have stated above, any question as to the propriety of the injunction is moot on this appeal. However, we point out that the re-entry of the injunction against the "lessor" and in favor of the "lessee" was mere surplusage because the relationship of lessor-lessee as between these parties no longer existed at this time. Therefore, that portion of the order as re-entered which constituted a re-establishment of the injunction was harmless to appellants. See *Anselm* v. *Anselm* (1947), 118 Ind. App. 169, 171-172, 75 N. E. 2d 921.

Appellants further insist that the court "abused its discretion" by entering an amended judgment rendered pursuant to Supreme Court Rule 1-8, *supra*. As bases for this argument, appellants point out that the trial court did not enter the amended judgment until approximately ninety (90) days had elapsed after oral argument on the motion for new trial; that the court announced a judgment somewhat similar to the first judgment only reducing the money damages by one-half; that the court did a useless act by enjoining appellants when the relationship of landlord and tenant no longer existed. Supreme Court Rule 1-8, *supra*, provides:

> "On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony,

amend findings of fact and conclusions of law, or make new findings and conclusions, *and direct the entry of a new judgment.*" (Our emphasis)

An examination of the cases construing Supreme Court Rule 1-8, *supra,* indicates that the trial judge has wide discretion in entering an amended judgment under this rule. In *Dorweiler et al.* v. *Sinks et al.* (1958), 128 Ind. App. 532, 549, 148 N. E. 2d 570, this court stated that Supreme Court Rule 1-8, *supra,* gives the trial court the authority to change its decision with or without cause. It was held in *Scott* v. *Kell* (1956), 127 Ind. App. 472, 483, 134 N. E. 2d 828 that the court did not commit error in re-entering substantially the same judgment pursuant to this rule. Uselessly enjoining appellants from interfering with appellees' enjoyment of the leased premises would not seem to be an abuse of discretion because, as stated above, the action was absolutely harmless to appellants. Nor can we conclude that the court abused its discretion by waiting ninety (90) days after oral argument on the motion for new trial before entering an amended judgment. In the first place, appellants have made no showing how they were harmed by such delay. Also, we are well aware of the case load that has been existent in the Marion County Superior Courts, which has lately motivated the 94th Regular Session of the Indiana General Assembly to create new courts to alleviate this problem. We are therefore cognizant of the excusable delay necessarily resultant in various matters before these courts. In summation, we add that we will not substitute our judgment for that of the trial court's by inquiring into its reasons for changing the judgment as it relates to damages.

Therefore, for the foregoing reasons, the judgment should be affirmed.

94

Affirmed.

Bierly, P. J., Mote and Smith, JJ., Concur.

NOTE.—Reported in 205 N. E. 2d 170.