VAN NUYS ET AL. *v.* WOLFAL ET AL.

[No. 19,590.  Filed December 10, 1965.
Rehearing denied February 17, 1966.]

*Phillip J. Badell* of Rushville, and *Warren M. Brown* and *Brunner, Brown & Brunner,* of Shelbyville, for appellants.

*Vance M. Waggoner,* of Rushville, and *Robert F. Railing,* of Scottsburg, for appellees.

CARSON, J.—This action was brought in the Rush Circuit Court by plaintiff-appellee against the appellants for possession of real estate and personal property, together with damages for breach of contract by appellants, for ejectment from real property and damages, for replevin of personal property and damages, and for damages arising from the alleged fraud of appellants in inducing said contract.

The appellants filed a cross complaint for rescission of said written contract and damages based upon the alleged fraud of the appellees in inducing said contract and a second paragraph of cross complaint for damages based on conspiracy to defraud.

The issues were formed on the complaint of the appellees and the amended complaint of the appellants and answer. Trial was by jury and a verdict was returned for the appellants against the cross defendants Wolfals on their cross complaint in the sum of $15,348.20; consistent judgment was rendered on the verdict.

The appellees filed a motion for new trial on five specifications which was sustained and from which ruling the appellants appeal. The assignment of errors of the appellants urges the following grounds:

"1. The Court erred in sustaining appellees' W. P. Wolfal, Eva L. Wolfal and Harrie M. Bryant's motion for a new trial.
"2. That the Court erred in granting appellees, W. P. Wolfal, Eva A. Wolfal and Harrie M. Bryant, motion for new trial."

The appellees thereafter filed a motion to dismiss this appeal which was denied. The appellant filed a petition to remand this cause to the Rush Circuit Court with instructions to set out specifications for sustaining the motion for new trial. The petition was granted and the Rush Circuit Court was instructed to set out its reasoning for the granting of the motion for new trial. The first certified copy of specifica-

tions for sustaining the motion for new trial was filed in this court and reads as follows:

"(A)   The damages assessed are excessive.

"(B)   The verdict of the jury was not sustained by the evidence in the case.

"(C)   The verdict of the jury is contrary to the law of the case."

The appellants thereafter filed a motion to reverse for failure of lower court to comply with the order of the Appellate Court. The ruling on said motion was withheld until the cause was fully briefed and submitted on the merits. Said motion is now overruled.

After denial of transfer by the Supreme Court in the case of *Bailey* v. *Kain* (1963), 134 Ind. App. 238, 187 N. E. 2d 366, the trial judge re-certified his reasons and further particularly designated the causes which prompted him to grant a new trial.

This court in passing upon the question of the propriety of the trial court's granting a motion for new trial must examine the reasons set out by the trial judge for his actions and if any of the reasons set out are correct then this court must affirm the lower court's decision. *Bailey* v. *Kain, supra.*

In order for the appellants to sustain their contention of error that the trial court should not have granted the motion for a new trial he must demonstrate to this court's satisfaction that:

1.   The trial court abused its judicial discretion,

2.   A flagrant injustice has been done the appellant, or

3.   A very strong case for relief.

*Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382.

With the above rules as our guide we will first consider stated reason number B of the trial judge's reasons for sus-

taining the appellee's motion for new trial, said specification reads as follows:

"(B). Under Specification 3 of the motion for new trial, the trial court, after weighing all the evidence, was and is of the opinion that the verdict of the jury finding for the Cross complainants, John L. Van Nuys, Amelia J. Van Nuys, J. Edward Van Nuys, and against the Cross-defendants, W. P. Wolfal, and Eva L. Wolfal, upon paragraph one of the cross-complaint, that the contract herein should be rescinded and the Cross-complainants have and recover from Cross-defendants, Wolfals, the sum of $15,348.20 was against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiffs and cross defendants below (appellees) and against the defendants and cross complainants below (appellants), and, therefore, the verdict of the jury was not sustained by the evidence in the case; the trial court, therefore, exercised the prerogative and duty of the Court in sustaining the motion for new trial."

The function of a trial judge in weighing a decision as to whether a motion for new trial should be granted differs considerably from the function of this court in passing subsequently on his decision on appeal. In the case of *Christy* v. *Holmes* (1877), 57 Ind. 314, 316, we call attention to the following language:

"In the circuit court, it must clearly appear that substantial justice has been done by the verdict, or a new trial should be granted; in the Supreme Court, it must clearly appear that substantial justice has not been done, or the judgment should be affirmed. If each court will constantly remember the rule of law which governs it, and always put it into practical effect, then substantial justice will be done in every case."

This court in *Bailey* v. *Kain,* supra, set out the trial judge's duties when passing on a motion for a new trial:

"The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it *was his duty to hear the case along with the jury;* he had the opportunity to see and know the jury; he had the duty to observe the witnesses and note the level of their intelli-

gence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their interest or lack of interest. In short, it was *his duty to keep his eyes and ears open to what was going on during the trial* so that when confronted with a motion for a new trial, he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict. There are many things the trial judge must take in consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review, for at the appellate level we have only the record and briefs exemplified by the cold type before us."

In this case the evidence as to rescission was in conflict the duty was therefore upon the trial judge when the motion for new trial was made to carefully weigh the evidence with the end in view of determining if substantial justice had been done. After carefully reading all of the briefs and studying the record before us this court fails to find an abuse of discretion, a flagrant injustice to the appellant, or a very strong case for relief from the trial court's order, which the appellant must establish to merit reversal.

We find no error in the action taken by the trial court. Finding merit in the trial court's reason number B for sustaining the motion for new trial we need not discuss the other stated reasons. It is therefore the opinion of this court that the judgment of the trial court was correct and accordingly the trial court's judgment granting a new trial is affirmed.

Prime, C. J., and Faulconer, J., concur.* Wickens, J., not participating.

NOTE.—Reported in 212 N. E. 2d 174.

* While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.