ALTHEIDE v. O'CALLAGHAN, ETC.

[No. 20,459. Filed January 10, 1966. Order on Rehearing April 22, 1966. Rehearing denied November 21, 1966. Transfer denied January 27, 1967.]

*Stevens, Wampler, Travis & Feagler,* of Plymouth, for appellant.

*Marshall Kizer,* and *Kizer & Neu, of Plymouth,* for appellee.

PER CURIAM.—This is an appeal from the Marshall Circuit Court. The appellees filed a motion for new trial on the grounds:

■ "1. That the decision *for* the Court is contrary to law."

The court sustained the motion for new trial and the appellant filed assignment of errors which reads as follows:

"1. The Court erred in granting the motion of the appellees Esther L. O'Callaghan and Grace Ladd O'Callaghan for a new trial.

2. The Court erred in failing to state in writing his specific reasons for sustaining the motion for new trial.

3. Under the facts, circumstances and situation in this cause, there was no legal reason why the motion for a new trial should be granted nor can the granting of a motion for new trial be legally sustained by any specific reasons in writing, if same were given by the Trial Court."

The appellant filed the transcript which did not contain a bill of exceptions setting out the evidence. There is no reference to the evidence in the appellant's brief.

Appellees filed a motion to dismiss the appeal or affirm the judgment setting up that the appellants had failed to comply with the Supreme Court rule 2-5 with respect to the transcript and rule 2-17D with respect to the brief. Appellees supported their motion by brief. Appellants filed a brief in opposition to the motion of appellees. No application has been made to this court to correct the transcript by certiorari or to amend the brief. In making this comment we are not passing upon the question of whether or not such application would be timely.

Propositions 2 and 3 of the appellant's assignment of error present no question for our consideration. Even with an affirmative ruling on these propositions we would not have before us a transcript or brief which would properly present

a question for our consideration under the motion for new trial and the assignment of errors.

Our Supreme Court has held many times that where the question to be passed under the motion for new trial depends upon the evidence, and the evidence is not in the record there is nothing before the court and the judgment should be affirmed. *Snider* v. *State of Indiana* (1954), 233 Ind. 503, 121 N. E. 2d 731; *Johnson* v. *State* (1954), 233 Ind. 376, 119 N. E. 2d 717.

There being nothing for our consideration the judgment is affirmed.

Mote, J., not participating.

## ON REHEARING

CARSON, J.—A re-examination of the record in the above action indicates that the record does not show a statement of reasons by the trial court for sustaining the motion for new trial.

This court has previously held in *Bailey* v. *Kain* (1963), 134 Ind. App. 238, 187 N. E. 2d 366, that it is necessary that the trial judge certify in writing his specific reasons for sustaining a motion for new trial.

In order to keep the record consistent and have it complete for our consideration we are holding in abeyance the ruling on the petition for rehearing pending receipt from the trial court of his certificate stating his specific reasons for sustaining the motion for new trial. The trial court is given until May 16, 1966, to prepare such certificate and forward the same to the Clerk of the Supreme and Appellate Courts to be included in the records of this case.

Prime, C. J., Wickens and Faulconer, JJ., concur.

PER CURIAM.—Appellant urges the following proposition:

"Where a case has been submitted to trial court; it has been tried without a jury and the trial court has had

adequate time to consider his ruling, it is not proper for him to grant a new trial unless some new fact, item of evidence or a later ruling of an appellate tribunal is brought to his attention and he makes this clear in his written statement setting out his reasons."

There being no Bill of Exceptions in the transcript, the urged proposition would have to be as a matter of law.

Rule 1-8 of the Supreme Court deals with the power of the court in cases tried without a jury. Rule 1-8 does not so limit the power of the trial judge. In the case ▮ *Kostas* v. *Kimbrough* (1965), 137 Ind. App. 89, 205 N. E. 2d 170, this court reaffirmed the holding of *Dorweiler* v. *Sinks* (1958), 128 Ind. App. 532, 549; 148 N. E. 2d 570, in that Rule 1-8 gives the trial court the authority to change its decision with or without cause. Therefore, as a matter of law, the trial court could change its decision.

Petition for rehearing denied.

Per Curiam.

Wickens, P. J., concurs in a separate opinion.

Mote, J., not participating.

Appeal from the Marshall Circuit Court, *The Honorable Roy Sheneman*, Judge.

WICKENS, P. J., concurring opinion on petition for rehearing.

I concur in the results reached in the per curiam opinion denying rehearing but I deem the question here of importance in all appeal cases where the trial court has *granted* a motion for a new trial.

Appeal in Indiana following the granting of a motion for new trial is of comparative recent origin. In 1959 the General Assembly for the first time authorized an appeal from the granting of such motion. Prior to that the question could

be raised only after the case was retried and final judgment rendered.

Acts 1959, ch. 25, § 1, p. 75, § 2-3201(b), Burns' 1946 Repl.

Since that time this court has set out some basics.

a. Where a new trial is granted such ruling will be reversed only on showing: (1) There was a plain abuse of judicial discretion; (2) Flagrant injustice has been done the complaining party; (3) A very strong case for relief.

*Topper* v. *Dunn* (1961), 132 Ind. App. 306, 309, 177 N. E. 2d 382.

b. A requirement is imposed on the trial court to state in writing its reasons for the decision when a motion for a new trial is sustained.

*Rife, etc.* v. *Karns* (1962), 133 Ind. App. 226, 227, 181 N. E. 2d 239;

*Newsom* v. *The Pennsylvania Railroad Co. et al* (1962), 133 Ind. App. 582, 584, 181 N. E. 2d 240;

*Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 595, 181 N. E. 2d 644;

*Bailey* v. *Kain* (1963), 134 Ind. App. 238, 239, 187 N. E. 2d 366.

In this matter appellant, who received judgment below from the trial judge without jury, appealed the decision granting a motion for a new trial.

This court (1/10/66, 212 N. E. 2d 794, 7 Ind. Dec. 351) affirmed the judgment granting a new trial on motion of appellees, on the theory that no question was presented to the Appellate Court because the evidence was not set out in the record.

Thereafter our attention was called to the fact that the trial court had not stated its reasons for granting the motion. Consistent with previous holdings (4/22/66, 215 N. E. 2d 876, 8 Ind. Dec. 205), the trial court was asked to state

its specific reasons for sustaining the motion. The trial court has reported its reasons and I interpret them as tantamount to saying that there was a binding prior adjudication of the controversy. Whether or not the reason given is valid seems to be a question of law and fact. Without a transcript of the evidence we cannot now say the trial court erroneously granted the motion for new trial. Therefore the final judgment of the trial court should be affirmed and the new trial granted.

Appellant in support of his petition for rehearing reduces his argument to a bold "proposition" (set out in the per curiam opinion) to the effect that where a matter has been tried without a jury a new trial cannot be granted unless there develops "some new fact, item of evidence or a later ruling of an appellate tribunal. . . ." That statement is too limited.

I can perceive where a ruling on a plea in abatement, or other pretrial rulings might be such error as would require the trial court to subsequently grant a motion for new trial. In such instances it would not always be necessary to furnish this court with a transcript of the evidence to perfect an appeal, and for that reason perhaps this court should not have affirmed the judgment until the trial court stated its reasons for granting the motion.

Also contrary to appellant's proposition, an error at law occurring at the trial (as a ruling on evidence) might also require a trial court to grant a motion for new trial. A transcript of the evidence would then be required.

For these reasons I concur in denial of the petition for rehearing.

NOTE.—Reported in 212 N. E. 2d 794. On rehearing 215 N. E. 2d 876. Rehearing denied 221 N. E. 2d 367.