REED ET AL. *v.* TRAINOR D/B/A TRI-CITY ROOFING SHEET METAL WORKS.

[No. 20,575. Filed February 13, 1968. Rehearing denied April 4, 1968. Transfer denied May 22, 1968.]

Joseph E. Costanza, of counsel, Murphy, McAtee & Murphy, of East Chicago, for appellants.

Lowell E. Enslen, William J. Moran, of counsel, Peters, McHie, Enslen & Hand, of Hammond, for appellee.

COOPER, J.—This appeal arises out of an action filed by the Appellee in the Lake Superior Court, Room 1, Hammond, Indiana. The first paragraph of the Appellee's complaint in the court below alleged: The existence of an agreement between the Appellee and the Appellants whereby the Appellee would furnish all materials and labor required to make repairs and additions to the roof of a building located on certain real estate in Lake County, Indiana, described therein; the performance of the agreement by the Appellee; the Appellants' refusal to pay as agreed; the filing by the Appellee of a notice of intention to hold a mechanics' lien and a demand that the lien be foreclosed.

The second paragraph of Appellee's Complaint incorporated by reference the allegations of the first paragraph of the complaint described above, and sought money damages for the Appellants' breach thereof.

The Appellants filed two paragraphs of Answer, each in compliance with Rule 1-3 of the Indiana Supreme Court, in which they denied the material allegations of Appellee's complaint. In addition thereto, they filed two paragraphs of counterclaim, the first paragraph of which was later amended by interlineation.

The first paragraph of the Appellants' counterclaim sought money damages for injuries sustained to the interior of Appellants' building as a result of the Appellee's negligence in the performance of the above referred to agreement. The second paragraph of Appellants' counterclaim sought money damages as a result of injuries to the interior of Appellants' building by virtue of the Appellee's breach in the performance of said agreement.

To the Appellants' paragraphs of counterclaim the Appellee filed two paragraphs of Answer, each paragraph in compliance with Rule 1-3 of the Rules of the Indiana Supreme Court, denying the material allegations of the Appellants' paragraphs of counterclaim.

It appears that after the foregoing issues were closed, trial was had to the court, and after submission, the trial court entered the following findings of fact and conclusions of law, and judgment thereon.

"1. That at all times specified in this action, Agnes M. Reed, Angelique M. Murphy and Lester F. Murphy, were the fee owners of the real estate known as:

'Lots 15 and 16, Block 11, Sheffield Addition to the City of Hammond, Indiana, as per plat thereof, recorded in the Office of the Recorder of Lake County, Indiana, in Plat Book 14, page 6, also known as 1805 Davis Avenue, Whiting, Indiana.

"2. That at all times specified in this action, Robert C. Reed as the agent of his fellow defendants and acted within the scope of his authority. (Sic)

"3. That Agnes M. Reed, Angelique M. Murphy and Lester F. Murphy, acting by and through their agent, Robert C. Reed, and the plaintiff, James Trainor, d/b/a Tri-City Roofing and Sheet Metal Works, entered into a verbal contract which provided that the plaintiff would remove the existing roof and construct a new roof on the premises referred to herein in consideration for the payment of One Thousand Six Hundred Dollars ($1,600.00).

"4. That on October 7, 1964, the plaintiff, through his agents and employees, undertook and did perform the contract, completing the same on October 10, 1964, and the defendants have failed to perform their obligation under the contract by not paying the consideration called for by the said contract.

"5. That plaintiff, through his agents and employees, performed the contract according to its terms and conditions and in a proper, workmanlike manner.

"6. That the plaintiff, through his agents and employees, took greater precautions and used higher grade materials than were called for, either by the contract between the parties or customarily in use in the roofing trade in the Hammond-Whiting area of Lake County, Indiana.

"7. That the plaintiff and his employees and agents were not negligent in the removal of the existing roof, construction of the sub-roof, or construction of the final roof.

"8. That on November 30, 1964, the plaintiff caused a notice of intention to hold mechanic's lien to be filed with the Recorder of Lake County, Indiana. That said notice was filed within sixty (60) days of the completion of the plaintiff's performance, that it stated the names of all of the defendants the proper legal description and street address of the subject premises and complied with all statutory requirements.

"9. That the aforesaid mechanic's lien of the plaintiff has not been paid, waived, or discharged.

"10. That plaintiff is entitled to be reimbursed for his reasonable attorney fees in prosecuting this action, and that a reasonable attorney fee is $450.00.

"11. That the defendants, Agnes M. Reed, Angelique M. Murphy and Lester F. Murphy, did, on the morning of October 8, 1964, sustain damage to their property, com-

monly known as 1805 Davis Avenue, Whiting, Indiana, but that the defendants have failed to show that said damage was caused by the plaintiff's negligence.

"12. That the defendants, Agnes M. Reed, Angelique M. Murphy and Lester F. Murphy, did, on the morning of October 8, 1964, sustain damage to their property, commonly known as 1805 Davis Avenue, Whiting, Indiana, but that the defendants have failed to show that said damage was caused by the plaintiff's failure to perform his contract in a skillfull workmanlike manner.

"13. That the damage to the property of the defendants, Agnes M. Reed, Angelique M. Murphy, and Lester F. Murphy, located at 1805 Davis Avenue, Whiting, Indiana, was caused by circumstances beyond the control of the plaintiff."

Upon the foregoing findings of fact, the Court entered the following conclusions of law:

"1. That the law is with the plaintiff and against the defendants, on his First Paragraph of Complaint.

"2. That the mechanic's lien filed against the real estate described herein by the plaintiff on November 30, 1964, complied with the requirements of law in all respects and that said lien is good, valid and the plaintiff in entitled to a judgment against defendants Agnes M. Reed, Angelique M. Murphy and Lester F. Murphy in the amount of Nine Hundred Dollars ($900.00) and the sum of $450.00 for attorney fees, and the costs of this action.

"3. That the plaintiff is entitled to a judgment of foreclosure and sale of said premises to satisfy said judgment.

"4. That the plaintiff is not entitled to a judgment on his second paragraph of complaint."

Upon the foregoing conclusions of law, the Court entered the following judgment:

"IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED, that plaintiff have judgment against the defendants and each of them for Nine Hundred Dollars ($900.00) plus attorney fees of $450.00, and that the real estate known as:

Lots 15 and 16, Block 11, Sheffield Addition to the City of Hammond, Indiana, as per plat thereof recorded in the

Office of the Recorder of Lake County, Indiana, in Plat Book 14, page 6, also known as 1805 Davis Avenue, Whiting, Indiana,

be and is hereby ordered sold by the Sheriff as prescribed by law to satisfy Nine Hundred Dollars ($900) of the Judgment, plus attorney fees of $450.00, and the costs of this action, and that plaintiff take nothing by his second paragraph of Complaint."

Thereafter, the Appellants filed their Motion for a New Trial averring therein, in substance, that the decision was not sustained by sufficient evidence, that the decision was contrary to law, and also charged error of law in the introduction of certain evidence over the Appellants' objection. The Court overruled the Motion for a New Trial and this appeal followed.

The Appellants in the argument portion, subsection A, of their brief, maintain that the Appellee's notice of intention to file mechanic's lien was fatally defective.

In reviewing the record now before us, the only mention or objection made by the Appellants to the lien is as follows:

"Mr. E.: We offer in evidence plaintiff's Exhibit 'B'.

"Mr. C.: Your Honor, we have no objection to it being admitted into evidence on the foundation laid, that it is for the purpose of showing that this is a copy of a lien.

"The Court: It is admitted.

"Mr. C.: But, for no other purpose.

"The Court: Without qualification, do you object to it?

"Mr. C.: I object if it is offered, my objection is that the Exhibit and much testimony supporting the Exhibit merely support it as being a copy of a lien that was filed.

"The Court: Objection overruled. It is admitted." (Tr. p. 109, ll. 6-21)

It is apparent that such an objection made to the trial court is not sufficient to question the legality of the lien. In this case, it appears that the Appellants' objection was more or less a general objection as no real objection was pointed out

disclosing any legal principle which would have rendered the questioned evidence inadmissible.

The general rule has been stated as follows:

"It has been frequently decided that the objection must be of such a nature as to call the attention of the court to the specific grounds upon which it rests, disclosing the legal principle which renders the evidence inadmissible." *Meadows* v. *Thomas* (1918) 187 Ind. 216, 219, 118 N. E. 811, 812.

Likewise, objections of a general or indefinite character are not available on appeal. *Clokey* v. *State of Indiana* (1914) 182 Ind. 589, 590, 107 N. E. 273; *Seisler* v. *Smith, et al.* (1897), 150 Ind. 88, 92, 46 N. E. 993.

We are of the opinion that the trial court did not err in overruling the objection on the ground stated and questions not specifically raised by the objections cannot be considered on appeal. *Meadows* v. *Thomas, supra.*

The Appellants in section "B" of the argument portion of their brief claim reversible error in the admission of alleged irrelevant testimony into the evidence. In the case of *Hancock Truck Lines, Inc.* v. *Butcher* (1950), 229 Ind. 36, at page 43, 94 N. E. 2d 537, Chief Justice Emmert of our Supreme Court stated:

"There is no precise standard for determining the relevancy of offered evidence, and such questions must be determined by the facts in each case. *Feichter* v. *Swift* (1921), 77 Ind. App. 427, 132 N. E. 662. If, in light of general experience the offered testimony logically tends to prove some issue of fact material to the controversy, the evidence is relevant. 2 Jones, *Evidence* (2nd Ed.) Sec. 589; 1 Wigmore, *Evidence* (3rd Ed.) Sec. 32, p. 421."

In reviewing the evidence in the record before us, we believe that the questioned evidence tends to prove some issue of fact material to the controversy.

The Appellants' last contention is that the trial court erred in not granting their motion which sought, pursuant to Rule

1-13 of the Rules of the Supreme Court of Indiana, the withdrawal of issues created by the Appellants' counterclaim on the basis that they were undisposed of by the trial court. We find by the record that the trial court, on October 20, 1965, took the cause under advisement, and on November 16, 1965, entered its special findings of fact and conclusions of law and judgment thereon.

It also appears that the trial court did dispose of the Appellants' counterclaim by his special findings of fact numbered 11, 12, and 13, but he inadvertantly failed to mention such disposal in his conclusions of law and judgment thereon.

It appears that on December 12, 1965, the Appellants herein filed their motion for a new trial. The Appellants did not file a motion to amend or correct the judgment prior to filing their motion for a new trial in order to call to the attention of the trial court the fact that the judgment made no reference to the issues raised by Appellants' counterclaim. Neither was that issue raised in the Appellants' Motion for a New Trial so that the court could have corrected the omissions pursuant to Rule 1-8 of the Rules of the Supreme Court.

Judge Hunter, in speaking for this court in the case of *Kostas, et al.* v. *Kimbrough, et al.* (1965), 137 Ind. App. 89, 5 Ind. Dec. 49, 205 N. E. 2d 170, at page 173, stated:

"Supreme Court Rule 1-8, *supra,* provides:

'On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact, and conclusions of law, or make new findings and conclusions, *and direct the entry of a new judgment*' (our emphasis).

"An examination of the cases construing Supreme Court Rule 1-8, *supra,* indicates that the trial judge has a wide discretion in entering an amended judgment under this rule. In *Dorweiler et al.* v. *Sinks, et al.* (1958), 128 Ind. App. 532, 549, 148 N. E. 2d 570, this court stated that Supreme Court Rule 1-8, *supra,* gives the trial court the

authority to change its decision with or without a cause. It was held in *Scott* v. *Kell* (1956), 127 Ind. App. 472, 483, 134 N. E. 2d 828, that the court did not commit error in re-entering substantially the same judgment pursuant to this rule. Uselessly enjoining appellants from interfering with appellees' enjoyment of the leased premises would not seem to be an abuse of discretion because, as stated above, the action was absolutely harmless to appellants. Nor can we conclude that the court abused its discretion by waiting ninety (90) days after oral argument on the motion for new trial before entering an amended judgment. In the first place, appellants have made no showing how they were harmed by such delay."

Likewise, in the case now before us, the Appellants have not shown how they were harmed by this claimed error. Therefore, for all of the foregoing reasons, the judgment of the trial court is affirmed.

Carson, C. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 233 N. E. 2d 685.